JOSEPH W. DONOVAN v. ARQUET RICHMOND, FREDERICK H. A. BACKUS, AND CHARLES N. AYRES.

*Contract—To be performed in one year—Parol extensions of time of performance for less periods than one year are not within the statute of frauds—Argument of counsel—Improper to comment upon paper not in evidence—Although a part of the files in the case—And upon conduct of parties connected therewith.*

1. Parol extensions of less than one year each, of a contract expressly agreed to be performed within that period, are not within the statute of frauds.

2. It is improper for counsel to comment upon papers *not in evidence*, and the conduct of parties connected therewith. So *held*, where an affidavit for a continuance of the case, and the motives of the affiant, one of the parties, were commented on to the jury.

Error to Superior Court of Detroit. (Chipman, J.) Argued April 20, 1886. Decided June 10, 1886.

Assumpsit. Defendants bring error. Affirmed. The facts are stated in the opinion.

*Griffin & Warner*, for appellants.

*J. B. McCracken*, for plaintiff.

CHAMPLIN, J.   In March, 1884, defendants were copartners doing business in the city of Detroit.   By the articles of copartnership the firm was formed to carry on the business of stationery, blank-book and legal-publishing binding business, and of buying, selling, and manufacturing all goods, wares, and merchandise to such business appertaining.

The plaintiff testified that he was well acquainted with the defendants, and knew that they were partners, and that the nature of their business was dealing in blank-books, printing contracts, general publishers of law books, court rules, legal blanks, file covers, letter-heads, all kinds of stationery, type-writers, and the general business connected with law publishers; that they published a good many books, and Mr. Ayres was their leading man, did all their outside business, and that he knew it.

Plaintiff introduced other testimony relative to the defendants publishing law books; but the defendants, while admitting such facts, introduced evidence which tended to prove that in all such instances there was a special assent and agreement of all the members of the firm to such contracts for publishing.

The plaintiff also gave evidence tending to prove that in the month of March he entered into a contract with the firm of Richmond, Backus & Co., in and by which he was to compose, write, and prepare a book for publication for the defendants, to be known as " The Michigan Justices' Guide," which, when completed, should contain about 600 pages, and that he should have the work done and ready for publication within the year 1884, and for the work when it was done, and for his work, the defendants agreed to pay him $1,000.   This agreement was made with the defendant Ayres as a member of the firm.

There is some reference in the testimony of the plaintiff about a royalty which he claimed he was to receive on the sale of the books, in addition to the compensation above stated, but there is no definite agreement to pay royalty to be found in the evidence contained in the record before us, which purports to embrace all the evidence given in the case.

The testimony shows that plaintiff immediately commenced upon the work, and had it nearly completed by September, and requested Mr. Ayres to commence the publication at that time, but for reasons stated by Ayres, and at his request, the publication was postponed until in the spring of 1885, when the firm dissolved. Mr. Ayres went out, and the remaining members repudiated the contract, and refused to carry it out or make any new arrangement. Mr. Donovan testifies that he fully completed the book, including the index, before the firm dissolved, and tendered the book to them.

The defendants gave evidence tending to show that no tender had been made to them of the manuscript, and they denied the existence of any such contract, and especially they denied the authority of Mr. Ayres, as a member of the firm, to make any such contract for the firm, contending that it was outside of the partnership business.

These questions of fact were submitted to the jury under proper instructions by the court, and were found in favor of the plaintiff.

The counsel for the defendants contend that the contract is within the statute of frauds, and void, because it was not to be performed within a year and was not evidenced by a memorandum in writing. There is no force to this objection. By the testimony the contract was expressly agreed to be performed within a year. Extensions from time to time, by parol, for periods less than a year, would not be affected by the statute.

The evidence did not establish a contract for a royalty, and the circuit judge instructed the jury, if they found a contract was entered into between the parties, they could not find a verdict exceeding the $1,000, and the interest thereon.

Exception was taken by counsel for defendants to remarks made to the jury by plaintiff's counsel criticising the conduct and motives of one of the defendants in making an affidavit by which the cause had been continued over the preceding term on account of the absence of defendant Ayres, who it was stated was a material witness, and the failure to call him as a witness, although present in court upon the trial. The affidavit had not been read in evidence, although filed in the case. The counsel for plaintiff claimed that he was justified in commenting upon the matter, as the affidavit " had been dragged into the case " by the counsel for defendants. The court said :

" I have very strong doubts as to the propriety of doing it [reading the affidavit] : but in Mr. Griffin's argument he referred to the affidavit, spoke of it, gave his reasons why the affidavit was made ; and inasmuch as the argument has proceeded so far without objection, I will allow it to go on, and give you an exception, Mr. Griffin."

It was improper for counsel upon either side to comment upon papers not put in evidence, and of the conduct of parties connected therewith. So far as we can judge from the record, both parties were in fault, and we do not see that the defendants were prejudiced by the remarks of counsel.

We have carefully examined and considered each of the thirty assignments of error, and find nothing contained therein which calls for a reversal of the judgment of the superior court; and it is affirmed.

The other Justices concurred.