## KUNZ v. CITY OF TROY.

*(Supreme Court, General Term, Third Department.* May 17, 1888.)

1. MUNICIPAL CORPORATIONS—OBSTRUCTIONS IN STREETS—NEGLIGENCE—PROVINCE OF
JURY.
   In an action against a city to recover for the death of a child caused by a counter
   which had been placed by its owner on the sidewalk in a frequented part of the
   city, and had been there for four days previous to the accident, falling upon such
   child, the jury finding for the plaintiff, the verdict will not be set aside for failure
   to prove notice of the obstruction, as it is for the jury to determine whether, from
   the length of time the counter had been there, the city authorities should not have
   known of it, and caused its removal.

2. SAME—DUTY OF CITY.
   A city is bound to exercise active vigilance to prevent and remove obstacles of a
   dangerous character from its highways.[1]

3. SAME—VOLUNTARY OR CULPABLE NEGLIGENCE.
   Negligence in removal of dangerous obstructions to streets after notice of their
   existence is voluntary and culpable negligence, such as will render a municipal cor-
   poration liable to one injured thereby.

4. TRIAL—CONDUCT OF COUNSEL—DISCRETION OF TRIAL COURT.
   The control of the conduct of counsel in the opening of a case before a jury is
   largely discretionary with the trial court; and where counsel for plaintiff referred
   to positions taken by counsel on a former trial, stated the amount of the verdict for
   his client on that trial, and the reasons for the verdict having been set aside, and
   the trial court refused, upon request, to interfere, the appellate court, not seeing
   that harm was done appellant by such remarks, will not reverse the judgment for
   that cause.[2]

Appeal from circuit court, Rensselaer county; STEPHEN L. MAYHAM, Jus-
tice.

Action by John B. Kunz, administrator, etc., of George W Kunz, deceased,
against the city of Troy, to recover for the death of plaintiff's intestate, who
was killed by a counter falling on him which was standing on the sidewalk
in Federal street, Troy. The counter was a bar-counter, such as are used in
saloons, and had been placed on the sidewalk by the owner in front of his
saloon, leaning against the building. According to plaintiff's evidence, the
boy was at his father's place of business, near by, on the day of the accident,
while his father went to change a bill, and while gone, the accident occurred.
It was claimed that he and other children were playing about the counter when
it fell. The judgment was for plaintiff for $2,125, and defendant appealed.
For opinion of court of appeals on former appeal, see 10 N. E. Rep. 442.

Before LEARNED, P. J., and LANDON and INGALLS, JJ.

*R. A. Parmenter,* for appellant. *Smith & Fursman,* for respondent.

LEARNED, P. J. A man in the employ of one McLaughlin placed on the
sidewalk in front of the Laughlin building a counter, leaning it against the
building. This was on Tuesday. The counter remained in the same posi-
tion, without falling, until Saturday afternoon. Then three children, about
five or six years old, of whom the plaintiff's intestate was one, pushed it
down. It fell on the plaintiff's intestate, and he was killed. This action is
to recover against the city damages for that death. In the case of *Parker* v.
*Cohoes,* 74 N. Y. 610, affirming 10 Hun, 534, the city of Cohoes had itself
put piles of dirt in the street, and had placed a barrier to prevent persons from
driving upon these piles. This barrier was removed by some third person,
for what reason did not appear, and the plaintiff drove on the piles, and was
injured. There was no proof whether the removal was intentional or acci-

---

[1] On the subject of constructive notice, see Springer v. City of Philadelphia, (Pa.) 12
Atl. Rep. 490, and note; Miller v. City of St. Paul, (Minn.) 36 N. W. Rep. 271; Turner
v. City of Newburgh, (N. Y.) 16 N. E. Rep. 348; City of Sterling v. Merrill, (Ill.) 17 N. E.
Rep. 6.

[2] See note at end of case.

dental.   The court said that the defendant was not bound to anticipate mis-
chievous or wrongful acts, and hence was not bound to guard against them,
and that the omitting to do so was not negligence; and this was held even in
regard to an obstruction put in the street by the city itself.   In the present
case it has been held (104 N. Y. 344, 10 N. E. Rep. 442) that "the death of
the intestate, caused by the falling of the counter, demonstrates that it was a
dangerous obstruction on the sidewalk," although, as remarked, "it is quite
probable that it would not have fallen without the agency and contact of the
children who were playing about it."   This throwing down of the counter
may have been a mischievous or wrongful act of the children.   It might have
been intentional; the act, not the result, as in the case first cited.   It is also
held that neglect to remove such counter or similar thing makes the city
liable, if it had notice, either actual, or, as it is called, constructive.   That de-
cision seems to leave nothing for the jury but the question of notice.   For
since the result, viz., the death of the intestate through the throwing down of
the counter by himself and the two other children, demonstrated that the
counter was a dangerous obstruction, it is not open to consideration whether,
previous to its fall, the counter had been such a dangerous obstruction.   On
the question of notice to the city it would seem that the duty to remove ob-
structions, the neglect of which duty would make a city liable to an injured
person, must come from the knowledge of their dangerous character.   In the
case of an imperfection in the street, the dangerous character is apparent.
Such was the case of *Goodfellow* v. *Mayor*, 100 N Y. 15, 2 N. E. Rep. 462,
So, in the case of *Rehberg* v *Mayor*, 91 N. Y 137, the pile of brick, which
fell in two days, was shown by proof to be faulty in its construction, and
dangerous in a way apparent to ordinary observation before it fell of itself.
But in the present case the city authorities might have seen, for nearly five
days, that the counter stood undisturbed by the action of the elements; and,
if they ought to have discovered its dangerous character, it would have been
only "by anticipating mischievous or wrongful acts on the part of others,"
which, according to the case in 74 N. Y. 610, they were not bound to do.   It
may be, however, that the language of the court at the conclusion of the *Reh-
berg Case* is intended to include even cases where the danger comes from the
act of a third party; as if, in that case, the pile of brick, instead of falling of
itself, had by some person been thrown down upon the plaintiff.   The court
there say that the city is responsible, although it had not, by actual examina-
tion, ascertained its (the obstruction's) dangerous character.   Whether that
remark applies to cases where the obstruction is so secure that it will do no
harm if let alone we cannot say.   If so, this seems to extend rather largely
the liability of cities.   A dry-goods box on the sidewalk is an obstruction.   If
thrown down by one boy, to the injury of another, it would seem to be demon-
strated to be a dangerous obstruction; and, if it had stood long enough on the
sidewalk, the city would be liable to the injured boy.   This appears to follow
from the opinion thus construed.   We see no error in the charge of the court
that the city was bound to active vigilance.   Passive vigilance would be no
vigilance at all.   So we think that it was for the jury to say whether the time
during which the counter had stood on the sidewalk was enough to make the
city responsible.   Of course, juries do not take into account the extent of road-
ways in a city, and other circumstances mentioned in the opinion in this case.
This defendant has some 50 miles of streets and alleys, making apparently
some hundred miles of sidewalks.   In each of the five days (nearly) which this
counter stood on the sidewalk, the city authorities should therefore have ex-
amined, according to the verdict, 20 miles of sidewalk for large objects "which
might be thrown over by children, or might be otherwise dangerous."   Proba-
bly no one believes that the jury really thought that it was negligence for the
city not to inspect, for this purpose, 20 miles of sidewalk each day.   What the
jury did consider was the grief of the father.   But this doctrine of constructive

notice is settled, and we must follow it. The fifth request of the defendant seems to be answered by what has been already cited from the opinion, and the reply thereto, of the court of appeals.

The seventh request relates to the language "voluntary and culpable negligence." On examining this request of the court, and the language of the court in its charge, we do not see any error. As a duty is imposed on the city to remove obstructions after notice, actual or constructive, neglect is culpable, and can hardly be called involuntary.

Objection was made by defendant's counsel to language used by plaintiff's counsel in his opening, to his stating the amount of the former verdict, and the purport of former decisions. We think that this is a matter so much within the discretion of the trial judge that we should seldom review his action. Of course, in strictness, counsel, in opening, should state nothing but the nature of the action, and the facts of the case, as they may be proved. We cannot see that harm was done in this case. On the whole, we think that the case was tried according to the law as it was stated in the opinion of the court of appeals. As the decision of that court granted a new trial, the proof must have been held to make a case for the jury on all the points of defense; and the testimony was substantially the same now as on the former trial. Judgment and order affirmed, with costs.

### NOTE.

TRIAL—MISCONDUCT OF ATTORNEY IN' ARGUMENT. It is improper for an attorney to make a statement to the jury of a fact, as of his own knowledge, which has not been introduced in evidence, relating to the issues of the case, People v. Dane, (Mich.) 26 N. W Rep. 781; Hall v. Wolf, (Iowa,) 16 N. W. Rep. 710; Amperse v. Fleckenstein, (Mich.) 34 N. W Rep. 564; Tillery v. State, (Tex.) 5 S. W. Rep. 842; Bullard v. Railroad Co., (N. H.) 5 Atl. Rep. 838; Railway Co. v. Metzger, (Neb.) 38 N. W. Rep. 27; or to refer to matters not in evidence, calculated to prejudice the other party, Norton v. State, (Ind.) 6 N. E. Rep. 126; Brow v. State, (Ind.) 2 N. E. Rep. 296; Epps v. State, (Ind.) 1 N. E. Rep. 491; State v. Abrams, (Or.) 8 Pac. Rep. 327; Clark v. State, (Tex.) 5 S. W. Rep. 115.

It is also improper for an attorney to comment on the fact that the other party has taken a change of venue, Campbell v. Maher, (Ind.) 4 N. E. Rep. 911; or on papers not in evidence, and the conduct of parties in connection therewith, Donovan v. Richmond, (Mich.) 28 N. W. Rep. 516; or on evidence that has been excluded, Paper Co. v. Banks, (Neb.) 16 N. W. Rep. 883; or on the fact that the defendant in a criminal case has refrained from testifying, Petite v. People, (Colo.) 9 Pac. Rep. 622: State v. Balch, (Kan.) 2 Pac. Rep. 609; or to appeal to prejudices foreign to the case, Bremmer v. Railroad Co., (Wis.) 20 N. W. Rep. 687; Rickabus v. Gott, (Mich.) 16 N. W. Rep. 384; Porter v. Throop, (Mich.) 11 N. W. Rep. 174; State v. McCool, (Kan.) 9 Pac. Rep. 745.

Misconduct of an attorney in arguing a case is a ground for reversal of the verdict and ordering a new trial, Campbell v. Maher, (Ind.) 4 N. E. Rep. 911; Brow v. State, (Ind.) 2 N. E. Rep. 296; Bremmer v. Railroad Co., (Wis.) 20 N. W. Rep. 687; Paper Co. v. Banks, (Neb.) 16 N. W. Rep. 883; Hall v. Wolf, (Iowa,) Id. 710; Rickabus v. Gott, (Mich.) Id. 384; if the adverse party is prejudiced thereby, Boyle v. State, (Ind.) 5 N. E. Rep. 203; Shular v. State, (Ind.) 4 N. E. Rep. 870; Anderson v. State, (Ind.) Id. 63; Epps v. State, (Ind.) 1 N. E. Rep. 491, Donovan v. Richmond, (Mich.) 28 N. W. Rep. 516; People v. Dane, (Mich.) 26 N. W. Rep. 781, and note; Sunberg v. Babcock, (Iowa,) 24 N. W. Rep. 19; Burdick v. Haggart, (Dak.) 22 N. W. Rep. 589; State v. Miller, (Iowa,) 21 N. W. Rep. 181; Porter v. Throop, (Mich.) 11 N. W. Rep. 174; Tillery v. State, (Tex.) 5 S. W. Rep. 842; State v. Clouser, (Iowa,) 33 N. W. Rep. 686.

As to what is not improper in argument, see Boyle v. State, (Ind.) 5 N. E. Rep. 203; Shular v. State, (Ind.) 4 N. E. Rep. 870; Thomas v. State, (Ind.) 2 N. E. Rep. 808; Scott v. Railroad Co., (Iowa,) 27 N. W. Rep. 276; Gavigan v. Scott, (Mich.) 16 N. W. Rep. 769; State v. Brooks, (Mo.) 5 S. W. Rep. 257.

As to improprieties not sufficient to justify a reversal, see Norton v. State, (Ind.) 6 N. E. Rep. 126; Anderson v. State, (Ind.) 4 N. E. Rep. 63; Hinton v. Railroad Co., (Wis.) 27 N. W. Rep. 147; Tucker v. Cole, (Wis.)11 N. W. Rep. 703: Porter v. Throop, (Mich.) Id. 174; People v. Bush, (Cal.) 10 Pac. Rep. 169; State v. McCool, (Kan.) 9 Pac. Rep. 745; Petite v. People, (Colo.) Id. 622; State v. McCool, (Kan.) Id. 618; People v. Hopt, (Utah,) Id. 407; State v. Abrams, (Or.) 8 Pac. Rep. 327; State v. Winter, (Iowa,) 34 N. W. Rep. 475; Lamar v. State, (Miss.) 3 South. Rep. 78: Railroad Co. v. Fox, (Tex.) 6 S. W. Rep. 569; Jackson v. Harby, (Tex.) 8 S. W. Rep. 71; Battishill v. Humphreys, (Mich.) 38 N. W. Rep. 581.      Q