CITY OF PALESTINE v. WILLIAM HASSELL.

Delivered March 18, 1897.

1. **Municipal Corporation—Injury on Sidewalk—Contributory Negligence.**
The plaintiff as he came out of a saloon collided with a table standing on the sidewalk by the door. He testified that he had repeatedly seen the table on the sidewalk before, but that it had always been at some distance from the door, and that he did not see it as he came out on the occasion of his injury, and could not have seen it unless he had stopped and looked east. He was corroborated by one witness and contradicted by the proprietor and porter of the saloon. Held, that this evidence was sufficient to sustain a finding by the jury that plaintiff was not guilty of contributory negligence.

2. **Same—Obstruction on Sidewalk—Notice.**
A city is chargeable with notice of the existence of an obstruction on its sidewalk, when it appears that the obstruction had been there for two or three weeks, and that the police and the street superintendent passed that way every day.

3. **Same—Same—Ordinance—Negligence.**
The presence of an obstruction upon a sidewalk for 20 or 30 days, in violation of a city ordinance and known to the city authorities, is sufficient to render the city guilty of negligence, and therefore liable to one injured by such obstruction.

APPEAL from Anderson. Tried below before Hon. J. R. BURNETT.

*A. G. Greenwood* and *T. B. Greenwood, Jr.*, for appellant.—1. The evidence conclusively showed that appellee's own negligence proximately contributed to the injury for which he sought compensation in damages. Shearman and Redfield on Negligence, sec. 101; 9 Am. & Eng. Ency., Law, 396, 397; City of Fort Worth v. Johnson, 84 Texas, 137; Railway v. Gasscamp, 69 Texas, 547; Railway v. Shields, 30 S. W. Rep., 902; Sanches v. Railway, 27 S. W. Rep., 922; Crawford v. Railway, 33 S. W. Rep., 534; Railway v. Richards, 59 Texas, 375; McKee v. Bidwell, 74 Pa. St., 218; Goshorn v. Smith, 92 Pa. St., 435; Baker v. Fehu, 97 Pa. St., 70; City of Erie v. Magell, 101 Pa. St., 616; Shaefler v. Sandusky, 33 Ohio St., 246; City of Centralia v. Krouse, 64 Ill., 19; Parkhill v. Brighton, 61 Ia., 101; Wilson v. Charlestown, 8 Allen (Mass.), 137; Dunkin v. Troy, 61 Barb. (N. Y.), 437.

2. There was no evidence that appellant or its officers, in the exercise of ordinary care, could have discovered the peculiar situation of the structure against which appellee collided, in time to have prevented him from being injured in the manner in which he claims to have been injured. Klein v. City of Dallas, 71 Texas, 285; City of Fort Worth v. Johnson, 84 Texas, 137; City of Austin v. Ritz, 72 Texas, 399.

*McMeans & Gill*, for appellee.—1. The question of contributory negligence is (if there be sufficient evidence to justify its submission) ordinarily one of fact for the jury, and when this issue has been submitted to the jury, under appropriate instructions, their finding is generally conclusive. Fort Worth v. Johnson, 84 Texas, 137, 19 S. W. Rep., 361.

2. It was the duty of appellant to abate and remove obstructions on its sidewalks; and appellee had the right to presume, when he was using the sidewalk in question, that appellant had performed its duty. Revised Statutes, arts. 375, 376, 382; Fort Worth v. Johnson, 84 Texas, 137.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee recovered judgment against appellant in the District Court of Anderson County for damages for personal injuries sustained by appellee through the alleged negligence of the appellant in permitting to be placed and to remain upon one of its streets an obstruction, and by a collision with which, appellee, without negligence on his part, was injured. The defendant answered by general denial, and by charge of contributory negligence on the part of plaintiff.

The judgment is assailed on three grounds: (1) because the evidence conclusively shows that the appellee's own negligence was the proximate cause of his injury; (2) because the verdict is contrary to the charge of the court, in this: the charge instructed the jury that, to authorize a verdict for the plaintiff, they must first find from the evidence that the plaintiff did not know, or could not have known by the exercise of rea-

sonable care and prudence, of the obstruction with which he collided, and that he used reasonable care to avoid the injury; and (3) because there was no evidence that appellant or its officers, in the exercise of ordinary care, could have discovered the peculiar situation of the structure against which the plaintiff collided in time to have prevented his injuries.

The evidence is that plaintiff, just as he stepped from the north door of the Magnolia saloon upon the sidewalk, for the purpose of going to his place of business, which was adjoining to the saloon and immediately east therefrom, collided with the sharp edge of a table or counter of hard wood, six feet in length, four feet high and thirty-one inches wide. This table or counter was placed upon the sidewalk by order of the proprietor of the saloon, and had been there continuously during each day from early morning till late in the afternoon for about three weeks. The plaintiff testified that he had seen the table on the sidewalk repeatedly before his injury, but that he had never seen it in the place it was when he collided with it; that on that occasion the western end of the table was even with the eastern side of the entrance to the saloon from the sidewalk, through the north door, and that the table was placed against the wall of the saloon; that when he had observed the table before placed against the house, its western end was two or three feet from the door of the saloon; that it was generally nearer the street than the wall of the saloon, and sometimes it was off of the sidewalk and in the street; that he did not see the table as he emerged from the saloon, and could not have seen it, unless he had stopped and looked east; and in this statement the plaintiff is corroborated by one of his witnesses, who was across the street at the time, and saw the plaintiff collide with the table. This witness testified that the table was even with the eastern side of the door of the saloon, and against the wall of the house, and that plaintiff could not have seen it in time to have avoided the collision, without stopping in the door before stepping on the sidewalk. This witness further testified that he had never seen the table before the morning on which plaintiff was injured in the place it then was; that when it was against the wall of the saloon, before that occasion, its end was some two or three feet east of the door of the saloon, and that the table was sometimes placed in the street, and not upon the sidewalk. These witnesses are both contradicted by the proprietor and the porter of the saloon, in this: that when plaintiff was injured the table was just where it had been for three weeks, against the wall of the house with its end some thirty inches east of the eastern side of the door of the saloon.

Though there is an evident conflict in the evidence, on the issue of contributory negligence vel non, we cannot say that the evidence is not sufficient to sustain the finding of the jury on this point. What we have said touching this first objection urged to the judgment, applies equally to the second objection.

As to the third ground upon which appellant assails the judgment, we think the contention that the evidence does not warrant the con-

clusion that the obstruction upon its street was known to appellant, or could have been known by the exercise of ordinary care, can not be maintained. The evidence is uncontradicted that this table was upon the sidewalk in front of the Magnolia saloon, for some two or three weeks, every day from an early hour of the morning till late in the afternoon, and that the headquarters of the city police was on this street; that the superintendent of the streets of the city passed every day over this sidewalk in front of this saloon, during the weeks in which the table had been daily placed in front of the saloon by order of its proprietor, and that some one of the police passed along Main street many times each day; and, further, that an ordinance of the city made it an offense for any person to place upon the sidewalk any obstruction which extended over two feet from the walls of the house fronting upon the sidewalk; and this table being, as we have seen, thirty-one inches in width, could not be placed upon the sidewalk, even though it was kept against the wall of the saloon, without a violation of the ordinance of the city.

We think the presence of such a table upon the sidewalk for so long as twenty or thirty days, coupled with the evidence that the police must have passed by the obstruction daily during that time, fully warranted the jury in concluding that the city knew or should have known that its ordinance was being violated; and, this being so, the city was guilty of negligence; and it is no excuse for its negligence to say, as the evidence of the plaintiff tends to show was the fact, that had the table been, as it had previously been when placed against the wall of the saloon, two or three feet from the door, the plaintiff would probably have escaped injury. The jury having, by its verdict, acquitted the appellee of contributory negligence, we can discover no error to warrant a reversal of the judgment, and it is affirmed.

*Affirmed.*