## NORTON v. KRAMER et al.; CITY OF ST. LOUIS, Appellant.

### Division One, March 17, 1904.

1. **NEGLIGENCE: Evidence: Condition Shortly Afterwards. In an** action for damages for personal injuries charged to be due to the defective condition of a sidewalk, evidence of its condition before or after the accident, if within such reasonable time as to justify the inference that it was in such condition at the time of the accident, is admissible.

2. ————: **Defective Sidewalk: Repairs to Building: Conflicting Evidence.** There was evidence that a brick sidewalk in front of a lot on which a house was being built had been torn up except about two feet near the building, that between that strip and the gutter the ground had been dug out eight or ten inches deep, that brick were lying around loose, that it had been in that condition for a month, and that on the night the pedestrian was injured, it was dark and there were no lights, but this evidence was flatly contradicted. *Held*, that this evidence afforded ample support for the finding of the jury that the city was negligent in permitting a defective condition of the sidewalk to continue after it knew or might by reasonable precaution have known of that dangerous condition.

3. ————: **Instructions: Scope.** It is not necessary that every of plaintiff's instructions contain all the postulates necessary to make a case against the defendant. If all the instructions taken together correctly tell the jury what facts they must definitely and specifically find in order to render defendant liable, one instruction, which, standing alone, is too broad, loose and general, will not be held to be error.

4. ————: **Excessive Verdict.** A verdict against a city for two thousand dollars for a sprained ankle and a dislocated shoulder, attended with great pain, which may remain a permanent injury, caused by a defective sidewalk, does not so indicate such passion, prejudice or partiality as will authorize the appellate court to interfere therewith.

Appeal from St. Louis City Circuit Court—*Hon. W. B. Douglas,* Judge.

AFFIRMED.

*Chas. W. Bates* and *Benjamin H. Charles* for appellant.

(1) The only evidence admissible as to the alleged defective condition of the sidewalk was as to its condition at the time of the alleged accident. Alcorn v. Railroad, 108 Mo. 90; Hipsley v. Railroad, 88 Mo. 354; Bowles v. Kansas City, 51 Mo. App. 419; Colyer v. Railroad, 93 Mo. App. 152. (a) Evidence of any defect existing in the sidewalk at any time subsequent to the happening of the injury alleged was improperly admitted. (b) Evidence of defective conditions existing before the alleged injury is admissible only when it establishes the permanent and continued existence of the same. 1 Greenleaf on Evidence (16 Ed.), sec. 14. (c) Where conditions are continually changing, as by the progress of building operations on a house in process of construction, with building materials and implements scattered about, evidence of conditions which existed days or months in advance is not admissible. Shifting conditions furnish evidence of no facts whatever. (2) The plaintiff's instructions were all based on the theory of a permanent condition, an unchanged defect, continued for some time; whereas, the evidence on plaintiff's part shows a shifting and constantly changing condition, during a momentary or temporary phase of which the plaintiff was injured. An abstract proposition, not applicable to the evidence, is error. The evidence shows that the walk was cleared and swept at the close of the day's work; but plaintiff's instructions failed to cover this evidence. (3) The city is not an insurer of the safe condition of its sidewalks. Baustian v. Young, 152 Mo. 325; Nixon v. Railroad, 141 Mo. 437; Carvin v. St. Louis, 151 Mo. 345. (a) And an instruction which in effect states a rule which may be so understood by the jury is error. (b) It is not the duty of the city "to keep the sidewalk in repair." Nixon v. Railroad, 141 Mo. 437. (c)

Its duty is only to use reasonable care to keep its sidewalks in a reasonably safe condition for travel for those exercising ordinary care in passing thereover. Baustian v. Young, 152 Mo. 325; Nixon v. Railroad, 141 Mo. 437.

*Peers & Peers* for respondent.

(1) While it is true that the evidence must show the defective condition of the sidewalk at the time of the accident, yet it is also true that the defective condition must be shown to have existed prior to the accident for such a length of time as to indicate that the city would have known it if it had used proper care in observing the condition of its streets. We regard this as well-settled in this State. Baustian v. Young, 152 Mo. 325; Carrington v. St. Louis, 89 Fed. 208; Frank v. St. Louis, 110 Mo. 516; Rusher v. City of Aurora, 71 Mo. App. 418. The defect in the sidewalk where the plaintiff was injured was not a latent one, but obvious and notorious, and had existed from some time in September, before the accident, up to and even after the night of the 13th of October, when the accident occurred. Surely the appellant had sufficient time, and by the exercise of reasonable diligence could have known of the defective condition of the walk at that point, and, for practical purposes, the opportunity of knowing in such cases must stand for actual knowledge, and therefore, when open defects in a sidewalk have existed for a considerable time, notice of this is implied, and is imputed to those whose duty it is to repair them; in other words, they are presumed to have notice of such defects as they might have discovered by the exercise of reasonable diligence. How is the defective condition, so as to impute knowledge, to be shown except by evidence? The evidence as to the continued defective condition of the sidewalk prior to the accident was properly referred to the jury under instruction 2, given

on the part of plaintiff.   (2)   The proposition that a city is not required to keep the entire width of a sidewalk in repair, is not sound.   It was intimated in Tratz v. Kansas City, 84 Mo. 632, but this was expressly overruled by this court in Walker v. City of Kansas, 99 Mo. 650.   (3)   The defendant's instruction in the nature of a demurrer was properly refused.

BRACE, P. J.—This is an appeal by the city of St. Louis, one of the defendants, from a judgment of the St. Louis Circuit Court, in favor of the plaintiff against said defendant, for the sum of two thousand dollars damages for personal injuries suffered by the plaintiff from a fall upon a sidewalk of said city, alleged to have been caused by the defective and dangerous condition thereof.

Demurrers to the evidence by the other defendants, William Kramer and Nat. Abraham, having been sustained, and the demurrer of the city thereto overruled, the case was submitted to the jury, as to the city, on instructions upon the main issues, as follows:

*For Plaintiff.*

1.   The court instructs the jury that on the 13th day of October, 1900, at the time of the alleged injuries to plaintiff, the defendant (the city of St. Louis), was and had been for a long time, a municipal corporation, having by the terms of its charter the exclusive control and management of its streets and sidewalks thereon, and had exclusive control of the construction of sidewalks thereon, and it was and is the duty of said defendant to maintain the sidewalks in use by the general public in a reasonably safe condition for persons passing over the same in both the daytime and the nighttime, and if you believe from the evidence that the sidewalk in question on High street in front of 1019 High street, where it is claimed the said Mrs. Norton was in-

jured, was not reasonably safe by reason of being torn up, the brick scattered loosely thereon, and so was defective and dangerous to persons passing over the same by day or by night, and such defective condition was known to defendant, or by the exercise of reasonable care on the part of the officers charged with the duty of repairing sidewalks or having them repaired, could have been known to such officers, in time to have remedied such defective condition before the accident to plaintiff, then the defendant and its said officers were guilty of negligence, and if the said Mrs. Norton in the exercise of ordinary care while walking on said sidewalk at the time was hurt and injured, and if the plaintiff has suffered any loss on account thereof, then you will return a verdict for the plaintiff.

2.  The court instructs the jury that there is no fixed or definite rule as to the length of time the alleged defective condition of the sidewalk shall have existed in order to charge the defendant with negligence in failing to remedy a defect therein; that each case must depend upon the facts and circumstances attending it. And if you find from the evidence that there was a defect in said sidewalk, by reason of the loose brick and torn up condition thereof and that such defect had existed for a sufficient length of time for the officer or officers of said city whose duty it was to repair said sidewalk or to have the same repaired, by the exercise of ordinary care on their part to have discovered such defect, and such officer or officers had had a reasonable time after such defect might have been discovered in which to repair or cause the same to be repaired and had not done so, then the defendant is guilty of negligence, and if the plaintiff as a result of such negligence, and while in the exercise of ordinary care on her part was hurt and injured, then it is your duty to return a verdict in her favor, and the jury will so find.

3.  The jury are instructed that in this case the plaintiff seeks to recover damages for injuries alleged

to have been received by her on acount of the torn up
condition of a sidewalk on High street in said city,
which it was the duty of the city to keep in repair. Her
claim is based upon the negligence of the city in not re-
pairing the defect, and her injury resulting therefrom.
The defendant, the city of St. Louis, denies both the
negligence and the injury. Under the evidence it is
for you to determine these questions. It was the duty
of the city to keep the sidewalk in repair; the plaintiff
had the right to presume that the duty had been per-
formed and that the sidewalk was in safe condition for
the use of the public.

### For Defendant.

5. If the jury believe and find from the evidence
that the injuries sustained by plaintiff were caused by
mere accident, mischance or misadventure, without the
negligence of either the plaintiff or the defendant, then
plaintiff is not entitled to recover, and their verdict
must be for the defendant, the city of St. Louis.

6. The court instructs the jury that it is lawful for
the city of St. Louis to permit those erecting buildings
to place their materials and appliances on the edge of
the sidewalk and street, provided enough unobstructed
sidewalk and street is left for the safe passage of those
passing along the same, while exercising ordinary care.
If the jury find from the evidence that the sidewalk at
the place where plaintiff claims to have been injured,
was of sufficient width and in a reasonably safe condi-
tion for the safe passage thereon by those exercising
reasonable care, your verdict should be for the defend-
ant, the city of St. Louis.

7. The court instructs the jury that although you
find that the sidewalk at the place where plaintiff claims
to have been injured was in a dangerous condition, and
also find that plaintiff was injured by reason thereof,
yet your verdict must be for the defendant, the city of

St. Louis, unless you find from the evidence that the city had knowledge of said dangerous condition of said sidewalk for a sufficient length of time prior to plaintiff's injury, to, by the exercise of reasonable care, have remedied said condition and made the same safe, or, that the said condition had existed for a sufficient length of time, prior to plaintiff's injury, for the city in the exercise of reasonable care to have discovered and remedied the same. The city is not an insurer of the safety of persons using its sidewalks. Its liability is only to see that the public sidewalks of the city are in a reasonably safe condition, and in such a condition that persons can safely pass over the same when they exercise ordinary care.

(1) The admission of the evidence of Christian F. Schneider, a witness for plaintiff, is assigned as error. That evidence and the objection thereto appears in the record in manner as follows:

"My name is Christian F. Schneider; I am a lawyer; I practice in the city of St. Louis.

"Q. Are you familiar with the surroundings at 1019 High street? A. Well, I examined them about the time Mrs. Norton was hurt—shortly after.

"Q. Did you examine the sidewalk and condition of it? A. I did.

"Q. You may state, Mr. Schneider, what condition you found it in."

Counsel for defendants object to the question as immaterial and irrelavant as to the condition at that time.

"Court: Mr. Schneider testified it was about the time Mrs. Norton was hurt. Objection overruled.

"To which ruling of the court counsel for defendants then and there duly excepted.

"A. My recollection is that it was brick, it was a brick walk in front of the property that was owned by Mr. Kramer on High street on which he was building a two-story brick house. My recollection is now that

it was nearly finished; I think they were plastering at the time and part of the brick walk was torn up; there was some of it left, my recollection is now something about two feet, and the rest had been torn up and the bricks were lying around loose and then from the sidewalk towards the house, not extending all the way, there was an excavation, the ground had been dug up and it was at places I should say 8 or 10 inches deep; next to the sidewalk it was not so deep, but lower down on the level of the street, and the bricks were displaced.

### Cross-Examination.

"Q.  Mr. Schneider, what was the occasion of your examining the sidewalk there?  A.  Well, it was simply this, a gentleman who was rooming at Mrs. Norton's place and who was a client of mine told me she wanted to see a lawyer, wanted to see a lawyer in reference to it, so I went in accordance with that request and went to examine it on behalf of Mrs. Norton.

"Q.  You are interested in the case?  A.  I am not. Shortly after that she told me some friends wished to take the case and I withdrew."

Evidence of the condition of the sidewalk before or after the accident within such reasonable time as to justify the inference that it was in such condition at the time of the accident was admissible.  [O'Neill v. Kansas City, 178 Mo. 91; Swadley v. Railroad, 118 Mo. 268; Stoher v. Railroad, 91 Mo. 509.]

Under this rule the evidence of this witness was clearly admissible.  The evidence, in the cases to which we are cited as sustaining the objection to this evidence, was not evidence introduced for the purpose of showing the condition at the time of the accident, but for the purpose of showing negligence by the making of subsequent repairs and for that reason ought to have been excluded, but no such reason obtains as to this evidence, and the court did not err in admitting it.

(2)    The plaintiff and another lady who was with her at the time she fell, which was about 8 o'clock on the evening of October 13, 1900, both testified that it was dark, that there were no lights on the sidewalk, and that it was then in about the same condition as testified to by the witness Schneider; and several other witnesses were introduced whose evidence tended to prove that that sidewalk was continuously in the same condition from some time in the latter part of September up to the time of the accident—and while this evidence was flatly contradicted by that of the defendant it afforded ample basis for the submission of the issues to the jury. With its weight we have nothing to do, and the general objections urged to the plaintiff's instructions which in effect constitute a demurrer to the evidence can not be sustained.

The only instruction given for plaintiff to which particular objection is made is the third. It is contended that this instruction does not contain all the postulates necessary to make a case against the defendant. The answer to this contention is that the instruction does not undertake to cover the whole case and a right of recovery is not predicated thereon. For directions as to what the jury must find in order to render a verdict, they had to look to the other instructions in which they are told, and in connection with which this instruction must be read. It may be conceded that the statements in this instruction that "it is the duty of the city to keep the sidewalk in repair" and that "the plaintiff had a right to presume that the sidewalk was in a safe condition," were, standing alone, too broad, loose and general to furnish a proper guide to a correct verdict by the jury. But when these general declarations are read in connection with the other instructions in which the jury are correctly told what they must definitely and specifically find in order to render the defendant liable, and to entitle the plaintiff to recover, it is not seen how the jury could have been misled by

this instruction. The whole case was fully covered by the other instructions, and there is no reason to believe that the result would have been different if this superfluous one had been omitted.

It is also contended that the court erred in refusing an instruction asked for the defendant to the effect that the city was not obliged to keep the whole of a sidewalk in a safe and passable condition. This instruction, like the one of plaintiff just treated, is obnoxious to the same objection; it is too general. So far as the defendant was entitled to a declaration upon the subject, it was given in instruction numbered 6 for defendant, in which the jury were told that if the sidewalk "was of sufficient width and in a reasonably safe condition for the safe passage thereon by those exercising reasonable care" the verdict should be for the defendant.

We find no error in the action of the court upon instructions for which the judgment should be reversed. As to the remaining ground urged for reversal, i. e., that the damages are excessive for a sprained ankle and a dislocated shoulder, attended with great pain, and which may remain a permanent injury, we deem it necessary only to say that we do not find in the amount given any indication of passion, prejudice or partiality upon the part of the jury such as to warrant the interference of this court with their verdict.

The judgment of the circuit court will be affirmed. All concur.