KATHERINE GIELEN, APPELLEE, v. CITY OF FLORENCE, APPELLANT.

FILED NOVEMBER 12, 1913. No. 17,354.

.Municipal Corporations: INJURY TO PEDESTRIAN: QUESTIONS FOR JURY. In an action against a city for damages for personal injuries resulting from plaintiff's having stumbled at night over a pile of bricks which had been allowed to remain for two weeks on a sidewalk continually used by the public, whether the obstruction existed for a length of time sufficient to charge the city with notice, whether the city was negligent in failing to restore the sidewalk to a reasonably safe condition for travel before plaintiff was injured, and whether plaintiff, who knew two or three weeks before the accident that single bricks were scattered along the sidewalk, but had no later knowledge of conditions, was guilty of contributory negligence, *held* to be questions for the jury.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*C. W. Haller* and *C. E. Herring,* for appellant.

*W. W. Slabaugh, contra.*

ROSE, J.

While walking on a sidewalk in Florence, plaintiff stumbled on a pile of eight or ten bricks and was severely injured. This is an action against the city to recover resulting damages in the sum of $3,000. From judgment on a verdict in favor of plaintiff for $2,900, defendant has appealed.

The principal ground urged for a reversal is that the verdict is contrary to the evidence. In discussing this assignment, defendant asserts that there is no disputed

question of fact; that the obstruction of the sidewalk was a necessary one preparatory to paving; that plaintiff abandoned a safe and direct route to her destination on the evening of the accident, and that, with full knowledge of the existing conditions at the place of the injury, she deliberately selected the route leading thereto and assumed the incidental risks, being guilty of contributory negligence.

The accident occurred on Main street after dark, March 31, 1910. For several months preceding that date all of the sidewalk along the block where plaintiff was injured, except a space about 18 inches wide, had been covered with a solid row of bricks four or five feet high. They had been piled there by a city contractor preparatory to paving Main street, which was temporarily closed between the curbs. During the winter, single bricks were scattered along the unoccupied portion of the sidewalk, though it had been left open and was continually used by pedestrians. In the daytime, two or three weeks before plaintiff was injured, she had used the same sidewalk and had observed the conditions described. In addition, there is proof of the following facts: While walking carefully on the sidewalk at night plaintiff stumbled on a pile of eight or ten bricks. The pile was a new obstruction of which she had no knowledge. She could not see it at night, because it was in the shadow of the row of bricks which partially covered the sidewalk. It was not there when she last passed that place. It had been allowed to remain on the sidewalk about two weeks. In view of such evidence, did the obstruction remain on the sidewalk a length of time sufficient to charge the city with notice? Was the city negligent in failing to restore the sidewalk to a reasonably safe condition for travel before plaintiff was injured? That these questions were for the jury is shown by many adjudicated cases. *Smid v. Mayor,* 17 Jones & S. (N. Y.) 126; *Kunz v. City of Troy,* 1 N. Y. Supp. 596; *Foels v. Town of Tonawanda,* 75 Hun (N. Y.) 363; *Briel v. City of Buffalo,* 90 Hun (N. Y.) 93; *City of Palestine*

*v. Hassell,* 15 Tex. Civ. App. 519, 40 S. W. 147; *City of Fort Wayne v. Duryee,* 9 Ind. App. 620; *Norton v. Kramer,* 180 Mo. 536; *Wedderburn v. City of Detroit,* 144 Mich. 684; *City of Aurora v. Cox,* 43 Neb. 727.

If the row of bricks on the sidewalk was a necessary obstruction, the pile of eight or ten on the unoccupied portion was not. The evidence was sufficient to justify a finding that the city was chargeable with notice, and that it was negligent in failing to remove the unnecessary obstruction before plaintiff was injured. It should not be decided as a matter of law, therefore, that she was guilty of contributory negligence because she did not act on the assumption that the city would allow the dangerous conditions to continue an unreasonable length of time, and select a different route. She testified, in effect, that she was careful, because she had known that single bricks had been scattered along the sidewalk, but that the obstruction of a pile of eight or ten bricks was a new danger of which she had no knowledge. It follows that the trial court did not err in allowing the jury to determine the questions as to negligence and as to contributory negligence. In this view of the case the instructions are not open to criticism, though some of them are challenged as erroneous.

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.