MISSOURI PACIFIC RAILWAY COMPANY V. LENA GEIST.

FILED OCTOBER 22, 1896. No. 6821.

1. **Railroad Companies**: HIGHWAY SIGNALS: DAMAGES. It is provided in section 104 of chapter 16 of the Compiled Statutes of this state: "A bell of at least thirty pounds weight or a steam whistle shall be placed on each locomotive engine, and shall be rung or whistled at the distance of at least eighty rods from the place where the said railroad shall cross any other road or street, and be kept ringing or whistling until it shall have crossed said road or street, under a penalty of fifty dollars for every neglect, to be paid by the corporation owning the railroad, one-half thereof to go to the informer, and the other half to this state, and also be liable for all damages which shall be sustained by any person by reason of such neglect."

2. ——: ——: INSTRUCTIONS. Under the foregoing provision, in an action where an engine started from a position at a distance from a street or road crossing of less than eighty rods, it would have been proper to instruct a jury in the trial of the cause that the bell should have been rung or the whistle blown from the starting place until the engine had crossed the road or street. But under the existent circumstances it was not an error which calls for the reversal of a judgment for plaintiff, that the judge instructed the jury that it was the duty of defendant to cause the bell to be rung or the whistle to be blown at a distance of at least eighty rods from the place where the railroad crosses a street, and be kept ringing or whistling until it shall have crossed such street, without further informing the jury that if the bell was rung or the whistle blown from the starting point, as in the case at bar, but some sixty or seventy feet distant from the crossing, it would have fulfilled the duty.

3. ——: ——: ——. The jury was informed by one portion of an

instruction given as follows: "But defendant is not required to both ring the bell and blow the whistle, but must do one or the other; a failure to do either, under the statute, renders the defendant criminally liable." *Held*, That the portion in which the jury was told that for a failure to perform the designated duty the defendant became criminally liable, was improper in a civil action for damages, and calculated to mislead the jury in estimating the damages to be allowed, if any, and hence prejudicial to the rights of defendant.

4. ――――: ――――: ――――: Negligence. The failure of a railroad company to cause a bell to be rung or a whistle to be sounded as its engine approaches a street or road crossing, is evidence which tends to prove negligence on the part of the company. It may, but does not necessarily demand an inference of negligence. It does not establish negligence as a matter of law, and it is error for the court to instruct a jury that such failure on the part of the company constitutes negligence and renders it liable. Rule announced in *Chicago, B. & Q. R. Co. v. Metcalf*, 44 Neb., 848, and *Omaha & R. V. R. Co. v. Talbot*, 48 Neb., 627, approved and followed.

Error from the district court of Douglas county. Tried below before Scott, J.

*Lee S. Estelle, J. W. Orr*, and *B. P. Waggener*, for plaintiff in error:

There was error in the seventh instruction. (Compiled Statutes, ch. 16, sec. 104; *Atchison, T. & S. F. R. Co. v. State*, 22 Kan., 1; *State v. Heins*, 14 Neb., 479; *Chicago, B. & Q. R. Co. v. Metcalf*, 44 Neb., 848; *Omaha & R. V. R. Co. v. Talbot*, 48 Neb., 627.)

*Mahoney & Smyth, contra.*

References: *Omaha, N. & B. H. R. Co. v. O'Donnell*, 22 Neb., 475; *Union P. R. Co. v. Rasmussen*, 25 Neb., 810.

Harrison, J.

Lena Geist, a girl, at the time of the commencement of this action, six years of age, by her father and next friend, Anton Geist, instituted these proceedings in the district court of Douglas county against the defendant railroad company to recover damages alleged to have accrued to her by reason of injuries caused by the negligence of the

defendant company. It was pleaded that the injuries to plaintiff were received May 3, 1892, at a place where a line of railroad operated by the defendant crossed Nicholas street, in the city of Omaha, and where it devolved upon defendant, as a duty, to have present a flagman to give persons about to cross the track of defendant warning or notice of any approaching trains, engines, or cars. It is stated in the petition: "That said injuries were caused wholly by negligence and want of care of the defendant, in negligently omitting to give a signal of the approach of said locomotive and train to said crossing, either by whistling or ringing the bell, and in negligently neglecting to properly flag said crossing and to give notice to said Lena Geist of the approach of said train upon said railroad." There is in the petition, in another portion than that just quoted, this sentence: "That the said defendant, by its servants, agents, and employes, negligently ran a locomotive with a train of cars very rapidly along its said tracks, and to and across said Nicholas street at said crossing." The defendant's answer, to the extent we need notice it, was as follows: "For further answer this defendant says that the said plaintiff ought not to have or maintain her said action against this defendant, because it says that the parents of said Lena Geist were guilty of gross and criminal carelessness in permitting the said Lena Geist, a mere infant, to go about unattended upon the public streets and upon railroad tracks which were being used in operating engines, cars, and locomotives thereon and thereover. That the said parents of Lena Geist, well knowing that she was incapable of taking care of herself, and of the dangers that she incurred in crossing railroad tracks, took no precaution whatever to protect her from injury and accidents. That if the said parents of Lena Geist had exercised reasonable and ordinary care and diligence as her parents and natural guardians and protectors, the injury complained of would not have occurred, and the same was solely the result of the gross and criminal negligence and

carelessness of the said parents of said Lena Geist." The foregoing, coupled with denials of matters stated in the petition, were all the defenses contained in the answer. There was a reply, and of the issues joined the result of a trial was a verdict and judgment for plaintiff in the sum of $8,333.33 1-3. The defendant company presents the cause here for review.

One of the errors assigned is directed against the action of the trial judge in giving paragraph No. 7 of the instructions to the jury, which was as follows: "You are further instructed that under the statutes of this state the defendant is required to have upon each locomotive engine upon its tracks a bell and steam whistle, which bell must be rung or the steam whistle must be blown at the distance of at least eighty rods from the place where the railroad crosses a street, and be kept ringing or whistling until it shall have crossed such street, but defendant is not required to both ring the bell and blow the whistle, but must do one or the other. A failure to do either, under the statute, renders defendant criminally liable, and would be negligence on the part of the defendant, and if you find from the evidence, under these instructions, that plaintiff was injured by reason of defendant not ringing the engine bell or not blowing the whistle, as above explained, and you further find that such neglect to ring the bell or blow the whistle was the proximate cause of the injury complained of, and you find that plaintiff has established by the evidence the other material alleged facts in her behalf, your verdict should be for the plaintiff."

The evidence in the case disclosed that the place from which the locomotive and train started was only some sixty or seventy feet distant from the crossing where the plaintiff was struck by the engine, and it is urged that it was wrong for the court, in view of such condition of the facts, to inform the jury that it was the duty of the defendant to cause the bell of the engine to be rung, or the whistle blown, "at the distance of at least eighty rods

from the place where the railroad crosses a street, and be kept ringing or whistling until it shall have crossed such street," without further informing that body that it would have been sufficient in this case if it had been shown that either was done from the time the engine started, sixty or seventy feet distant from the crossing, and continued until the engine had crossed the street. It would have been proper to tell the jury that the bell should have been rung or the whistle blown from the time the engine started with its train until it reached and passed the crossing from a place distant eighty rods, or any shorter distance therefrom, to agree with the facts in the particular case, and the instruction would have been better if so framed. But we do not feel warranted in saying that because it was not, the jury were misled and rendered a verdict for plaintiff influenced to any extent by the statement that the bell must have been rung or the whistle blown at least eighty rods from the crossing on the approach of an engine to it, when, according to the existent facts, there were but sixty or seventy feet intervening between the starting place of the engine and the crossing. We do not consider that there was such an error here as, in itself, calls for a reversal of the judgment for plaintiff.

It is further complained of in this paragraph of the instructions that it was error for the trial court to state to the jury, "but defendant is not required to both ring the bell and blow the whistle, but must do one or the other. A failure to do either, under the statute, renders defendant criminally liable." That this being a civil action, without reference to the penalty attached by statute to the failure to ring the bell or blow the whistle of the engine when approaching the crossing of a road or street, it must be said that the information which was conveyed to the jury, in the statement that a failure to comply with the statute rendered the defendant criminally liable, has no possible application in this case. It was entirely irrelevant to the issues in the case and was well calcu-

lated to mislead a jury; possibly to raise the thought that as the failure of the defendant in the particulars in question made it criminally liable, it would not be amiss to assess heavier damages against it than in a case where no criminal liability accrued. A jury might well conclude that such a statement had some significance and be entitled to consideration and weight in its deliberations on the issues involved and submitted, from the mere fact that the judge, on whom the jury knew it was to depend for its information in respect to the rules of law applicable to the issues and evidence, embodied such a statement in the charge, and hence give it the force and application to which it seemed entitled. It is urged by counsel for plaintiff that there was no prejudicial error in this portion of the instructions, and if any, it was cured by giving the tenth paragraph of the charge, in which the jury were told, after an enumeration of elements of damages to be considered, that the plaintiff was entitled to such an amount as, in the judgment of the jury, "under all the facts disclosed by the testimony, you think will fairly compensate her for the injury." It may be said that this confined the damages to compensation, but it is a very general statement and not sufficient to overcome the error committed in the former instruction.

In support of the argument that it was not wrong for the trial court to inform the jury that defendant became criminally liable if it failed to observe the statutory requirements in regard to ringing the bell and blowing the whistle, our attention is directed by counsel to the opinion in the case of *Union P. R. Co. v. Rasmussen*, 25 Neb., 810, in which it is asserted this court approved two instructions, in each of which the trial court quoted the section of the statutes in which the requirements are made. The section is 104 of chapter 16 of Compiled Statutes, and reads as follows: "A bell of at least thirty pounds weight or a steam whistle shall be placed on each locomotive engine and shall be rung or whistled at the distance of at least eighty rods from the place where the said railroad

shall cross any other road or street, and be kept ringing or whistling until it shall have crossed said road or street, under a penalty of fifty dollars for every neglect, to be paid by the corporation owning the railroad, one-half thereof to go to the informer and the other half to this state, and also be liable for all damages which shall be sustained by any person by reason of such neglect." In the opinion cited there is the following in regard to the two instructions: "In two other instructions the court quoted section 104 of chapter 16 of the Compiled Statutes, which requires the ringing of the bell and sounding of the whistle before reaching public crossings, and instructed the jury that a failure to comply with the requirements of this statute was 'a matter properly to be considered by the jury in determining whether defendant was guilty of negligence in killing the cow.' It is said that the bell was rung and that the cow was not killed upon the crossing. Upon the subject of the ringing of the bell, and as to the exact location at which the cow was killed, the cause was submitted to the jury upon conflicting testimony, some witnesses testifying that the cow was struck at the crossing, and others that she was feeding by the track near the crossing. The engineer in charge of the train testified that the bell was rung continuously, while others who were near by testified that it was not. The cause was submitted to the jury upon these two theories and the instruction complained of was not erroneous." It is evident that no complaint had been made of quoting that part of the section affixing a penalty for the failure to fulfill the exactions of the section. It was not under consideration, was not referred to or passed upon by the court. The instructions were approved as properly submitting the two mooted questions to the jury. Whether error or not to quote the portion of the section in relation to a penalty in an instruction to a jury in a civil case, we need not now discuss or decide. To tell the jury, as was done in this case, that it rendered the defendant "criminally liable," as descriptive of what conse-

quences would attach to omissions to do as was required by law, gave it greater import, or moment, than would the incorporation of the words of the section in the instruction, for the like purpose.

It is further objected to paragraph 7 that by it the failure to comply with the statutory requirements was made negligence as a matter of law, determined so by the trial court; that it was, at most, but evidence of negligence, and hence the trial court erred in treating it in the instruction as negligence as a matter of law. In the decision in the case of *Chicago, B. & Q. R. Co. v. Metcalf*, reported in 44 Neb., 848, wherein the same question was discussed on objection to an instruction that it had the weakness alleged against this one, it was announced by this court that in such a case it was erroneous to instruct the jury that the railroad company was liable if it failed to give the signal required by statute, provided the injury was caused in consequence of such omission. (See, also, *Omaha & R. V. R. Co. v. Talbot*, 48 Neb., 627; *Kansas City & O. R. Co. v. Rogers*, 48 Neb., 653.)

We are very earnestly urged to re-examine the question in this case and reverse the rule established in what we will designate, for convenience, the Metcalf Case; and some quite forcible arguments in support of a contrary doctrine are presented in the briefs filed in this case, and also in those filed in other cases now pending and in which a similar question arises for consideration. We have carefully considered the cases which were cited by Commissioner IRVINE in the Metcalf Case, and from an investigation of which a conclusion was reached that the doctrine stated in the Metcalf Case had been forecast in prior decisions of this court, in cases where the same or a kindred principle was more or less directly involved and considered. We have been furnished with no arguments sufficiently convincing to cause us to change our views on this point as embodied in the opinion to which we have referred, and hence must again signify our approval of the reasoning in that case.

In the absence of any statutory provisions on the subject, it is the duty of the railway company, in approaching with its train the crossing of a highway, to use ordinary care to avoid a collision with, or injury to, persons on the highway, to provide the means and to give suitable warnings of the approach of the train. (4 Am. & Eng. Ency. of Law, 910.) By statutes in some states certain precautions have been made necessary to be observed on the nearing of a train to a crossing, and an absolute liability placed upon the company for a failure of the observance of the requirements of the statute. (See Code of Tenn., 1884, secs. 1298, 1300.) In other states the enactments are not so stringent, and of the latter is our own state. We have hereinbefore quoted it. As we view it, the legislature selected the bell and whistle as the best means, and the ringing of one and blowing of the other, the best manner of giving notice of the coming of an engine and train to the crossing of a street or highway. This may be said to be but the expression of what the law-makers afforded as, in their judgment, the best method of effecting the purpose sought, the performance of some, at least, of the duties of a railway company to observe ordinary care in the running of its trains. To this was added the liability to accrue for a failure to perform any duty which arises on the part of any person or corporation when in a situation or under conditions where the exercise of ordinary care is required. The section does not change the existing rules of evidence in regard to the establishment of any of the elements or constituents of the act or acts referred to in it, by making any greater or lesser amount of evidence necessary to the proof, or attach more or less weight to the proof of any of the facts; and it follows that any and all the facts proved, including that of failure to comply with the prescription of the statute, are but evidential of negligence; whether there is negligence, not being established as a matter of law for the court to determine, but whether existent, in view of the facts and circumstances of the case, as a matter of fact, the answer is

36

to be given by the jury.   The section does not mean, "If you have performed what is herein commanded, you have exercised ordinary care, and all that is required, and will be relieved from liability," nor does it mean that if you have not performed or complied with the exactions, you have been guilty of negligence as a matter of law; but its fair meaning, and under the doctrine adopted and now approved by this court is: "Your failure to comply with the requirements hereof shall furnish evidence from which a jury may infer your negligence."

There are other and further assignments of error, but we do not deem their discussion essential at the present time.   It follows, from what we have hereinbefore expressed, that the judgment be reversed and the cause remanded.

REVERSED AND REMANDED.

NORVAL, J.

I concur in the conclusion reached, but do not agree to all the reasons given in the above opinion for the reversal of the judgment of the trial court.