CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILROAD
COMPANY V. LUCINDA BRADY, ADMINISTRATRIX.

FILED JUNE 3, 1897. No. 7327.

Railroad Companies: NEGLIGENCE: HIGHWAY SIGNALS: INSTRUCTIONS.
It has been settled by the repeated decisions of this court that, in
an action against a railroad company to recover damages result-
ing from the failure of its servants to ring a bell, or to sound a
whistle at a public crossing, it is error to instruct the jury that
the omission of the defendant to give the signals required by stat-
ute is *prima facie* evidence of negligence.

ERROR from the district court of Madison county.
Tried below before ROBINSON, J.  *Reversed.*

*John B. Barnes, Thomas Wilson,* and *S. L. Perrin,* for
plaintiff in error.

*Robertson, Wigton & Whitham, contra.*

NORVAL, J.

On the 5th day of December, 1891, James Brady, plaint-
iff's intestate, while riding in a wagon loaded with hay,
drawn by a team of horses along Philip avenue, in the
city of Norfolk, was run over by one of defendant's pas-
senger trains, thereby receiving injuries from which he
died.  This action was brought by his administratrix to
recover damages for his death.  From a verdict and judg-
ment for the plaintiff for $4,500, the defendant prosecutes
error to this court.

One act of negligence imputed to the defendant was
the failure and omission of its employes to ring the bell
and sound the whistle of the locomotive in accordance
with the statute.  On this branch of the case the court
gave, on its own motion, the following instruction:

"6. The court instructs the jury that, by the laws of
this state, every railroad company is required to have a
bell, of at least thirty pounds weight, and a steam whistle

placed and kept upon each locomotive, and to cause the same to be rung or whistled at the distance of at least eighty rods from the place where the railroad crosses a public highway, and to keep the same ringing or whistling until the highway is reached. If you believe, from the evidence, that the defendant's agents or servants in charge of the engine in question omitted to ring a bell or sound a whistle continuously for the distance of eighty rods before reaching the highway crossing, such omission constitutes a *prima facie* case of negligence on the part of defendant; and if you further believe, from the evidence, that the deceased was struck and injured at the railroad crossing in question, as charged in the petition, in consequence of the omission to ring the bell or sound the whistle, while he was himself exercising all reasonable care and caution in that behalf, then the plaintiff is entitled to recover in this action."

This instruction was duly excepted to by the defendant at the time, and its giving is made the basis of one of the assignments of the motion for a new trial and the petition in error. Section 104, chapter 16, Compiled Statutes, provides: "A bell of at least thirty pounds weight, or a steam whistle, shall be placed on each locomotive engine, and shall be rung or whistled at the distance of at least eighty rods from the place where the said railroad shall cross any other road or street, and be kept ringing or whistling until it shall have crossed said road or street, under penalty of fifty dollars for every neglect, to be paid by the corporation owning the railroad, one-half thereof to go to the informer and the other half to this state, and also be liable for all damages which shall be sustained by any person by reason of such neglect." Construing the foregoing statute, this court has, in more than one case, held that it was erroneous to give an instruction substantially like the one quoted above, and that the failure to give the statutory signal for a street or highway crossing does not necessarily raise an inference of negligence. (*Chicago, B. & Q. R. Co. v.*

*Metcalf*, 44 Neb., 848; *Omaha & R. V. R. Co. v. Krayenbuhl*, 48 Neb., 553; *Omaha & R. V. R. Co. v. Talbot*, 48 Neb., 627; *Missouri P. R. Co. v. Geist*, 49 Neb., 489.) The writer is convinced that the better reason and the decided weight of the authorities are against the rule adopted by this court in the above cases, but yields to the judgment of his associates so often reaffirmed. The sixth instruction is therefore erroneous, in directing the jury that the failure to give the statutory signals is *prima facie* evidence of negligence. For the giving of this instruction, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.