ROBERT RULE, APPELLEE, v. CLAAR TRANSFER & STORAGE COMPANY, APPELLANT.

FILED DECEMBER 15, 1917. No. 19614.

1. **Negligence:** CONTRIBUTORY NEGLIGENCE OF CHILD: QUESTION FOR JURY. As a general rule, whether a child 11 years of age is of sufficient knowledge, discretion and appreciation of danger that it may be held guilty of contributory negligence is a question for the jury to determine.

2. ———: QUESTION FOR JURY. Evidence set forth in the opinion examined, and *held* to justify the submission to the jury of the question as to the negligence of defendant's employees.

3. **Municipal Corporations:** COLLISION AT STREET INTERSECTION: NEGLIGENCE: QUESTION FOR JURY. The mere fact that a motor truck is driven by defendant's employees at a greater speed than that prescribed by statute, or that the plaintiff in turning into another street to the left did not turn around the center of the intersection of the two streets, does not establish either negligence or contributory negligence as a matter of law, but the violation of the statute and of the ordinance may be considered by the jury as evidence of negligence.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Sawtell & Blazer* and *Kimball & Peterson,* for appellant.

*Sugarman & Sugarman* and *J. C. Kinsler, contra.*

LETTON, J.

This action is brought for personal injuries resulting from the collision of an automobile truck belonging to defendant with a bicycle ridden by the plaintiff, who was about 11 years of age at the time of the accident. The accident occurred at the intersection of Eleventh street in Omaha, which extends north and south, and Capitol avenue, which runs east and west.

While there is a sharp conflict in the evidence upon almost every point, the testimony in behalf of plaintiff tends to prove that the motor truck, on which were riding the driver and another man, was driven carelessly and negligently and at an excessive rate of speed southward on Eleventh street; that the men were laughing and frolicking and paying but little attention to the street as they aproached the intersection. There is a railroad track on the west side of Eleventh street, upon which a box car was standing near the intersection. The sidewalk on the north side of Capitol avenue is 24 feet wide from the curb to the wall of the corner building on the west side of Eleventh street. The box car was so far north of the curb as to permit the driver of the automobile a clear view of the roadway to the west for a space of 12 feet before the truck reached the line of the curb. In this connection it may be said that a witness for defendant testified that the south end of the box car was even with the south wall of the corner building on the west side, and that he had a clear view of the sidewalk both east and west on the north side of Capitol avenue after the truck passed the south end of the box car. For the plaintiff it is also in evidence that the driver of the truck failed to give any signal

of its approach as he approached the box car and intersection, and the plaintiff, who was riding about the middle of the street, and who was unaware of the approaching truck, was knocked down and injured; the truck running about 40 feet after the collision.

Plaintiff contends that the driver should have given a warning signal and checked his speed or swerved so as to avoid the accident, and that if he had been driving at 'a lawful rate of speed he could have done so. The statute provides that motor vehicles in cities and villages shall not be operated at a rate of speed exceeding 12 miles an hour, or greater than is reasonable and proper, and when crossing an intersection of streets shall not be driven at a rate of speed exceeding 6 miles an hour.

The testimony on behalf of defendant, in the main, is that the truck was proceeding at a moderate and lawful rate of speed, and that the bicycle and the truck were each hidden from the other by the box car. They also deny that the truck was carelessly and recklessly driven; deny that it was driven more than 5 or 6 miles an hour, and say that it stopped within a few feet. Defendant denies any negligence and further contends that the plaintiff was guilty of contributory negligence by riding on the wrong side of the street in violation of an ordinance of the city of Omaha, which provides: "In turning into another street to the left the vehicle shall turn around the center of the intersection of the two streets."

Complaint is made that the court erred in overruling certain objections of defendant to a hypothetical question and to testimony to the effect that the plaintiff complained of pain in the injured foot. We think no error was made in these rulings. The district court by proper instruction left it to the jury to say whether contributory negligence could be attributed to a boy of the tender years of plaintiff in view of all the circumstances of the case. Complaint is made of some

of the instructions given by the court, but we find no error prejudicial to defendant therein.

The principal complaint is that the evidence does not affirmatively establish circumstances from which defendant's negligence may be fairly inferred, and that it was therefore error to submit the case to the jury. There is a substantial conflict in the evidence; but, under the facts as testified to by the plaintiff's witnesses and by one of the witnesses for the defendant, it seems clear that if the driver of the truck had been alert on approaching the intersection, and if he had been operating his vehicle at such a rate of speed that it was under control after he passed the box car, he might have stopped it or swerved to the south and east in such a manner as to avoid the collision. At all events, the evidence of negligence was sufficient to take the case to the jury.

It is also argued that a party cannot complain of the negligence of another where his own negligence concurs in producing the injury, and that a child 11 years of age living in the city and of ordinary intelligence may be guilty of contributory negligence as a matter of law. Of the soundness of these propositions we have little doubt. The general rule is that whether contributory negligence may be attributed to a child of such tender years is a matter for the jury under all the circumstances of each case. *Breedlove v. Gates*, 91 Neb. 765. It is only in an extreme case where the facts show plainly knowledge and appreciation of the danger to be incurred if a certain act is performed, such as in the case of *Johnston v. New Omaha T. H. E. L. Co.*, 78 Neb. 27, that a court will declare as a matter of law that a child of that age may be guilty of contributory negligence. The writer has always been of the view that the *Johnston* case is an exception to the general rule, and its doctrine should not be further extended. Even if it were established that the plaintiff was of full age and discretion and "cut the corner" in violation of

the ordinance, yet this would not necessarily establish. contributory negligence as a matter of law. *Chicago, B. & Q. R. Co. v. Metcalf,* 44 Neb. 848, 859; *Missouri P. R. Co. v. Geist,* 49 Neb. 489, 496.

It is a question for the jury whether the truck was driven with due and proper care, and whether the boy was, or could have been, guilty of contributory negligence which was a proximate cause of the accident. *Mahar v. Lochen,* 166 Wis. 152. Some of the questions involved in this case are considered in *Rogers v. Phillips,* 206 Mass. 308, 28 L. R. A. n. s. 944, and in cases cited in note thereto; also in note to *Coffin v. Laskau,* L. R. A. 1915E, 959 (89 Conn. 325). Similar questions were presented in *Cloherty v. Griffiths,* 82 Wash. 634, and a like counclusion reached. The principal issue in this case is one of fact, and the evidence is such that a verdict in favor of either the plaintiff or the defendant might be supported thereby.

We find no prejudicial error in the record, and the judgment of the district court is

AFFIRMED.

SEDGWICK, J., dissenting.

The opinion says: "Even if it were established that the plaintiff was of full age and discretion and 'cut the corner' in violation of the ordinance, yet this would not necessarily establish contributory negligence as a matter of law." To support this proposition, *Chicago, B. & Q. R. Co. v. Metcalf,* 44 Neb. 848, is cited, where the law is stated to be: "It was erroneous to instruct the jury that the railroad company was liable if it failed to give the signal required by statute, provided the injury was caused in consequence of such omission." I think this, if it is to be regarded and applied as a general proposition applicable to cases like the one now at bar, is fundamentally wrong, and that the case, instead of being approved by relying upon it as authority generally, should be overruled, if it is regarded as having that

meaning. As supporting this statement in the syllabus, the opinion in the *Metcalf* case cites ten opinions in which this court has considered the question of negligence or contributory negligence. In none of these is the question considered whether the failure to obey a law intended for the safety of the public is actionable when such failure directly causes an injury. Indeed, in the *Metcalf* opinion it is said: "It is everywhere agreed that a jury may infer negligence from the single fact of the violation of a statute, providing the injury was the direct result of such violation." And yet it seems in that opinion to be considered that, if the jury do find that the neglect to ring the bell or sound the whistle at a public crossing was the cause of the injury, they may still find that there was no negligence. The commissioner who wrote the opinion discusses at large the fact that the party injured was not attempting to cross the railroad, but his team was standing near the crossing at the time. It appears that this was a new question in this court, and the language used in paragraph 4 of the syllabus quoted above was used with reference to this new situation and ought not to be considered as applicable here. And yet, as I think, carelessly, the proposition to be discussed is thus broadly stated in the opinion, "if any duty is imposed in favor of others, does a violation of the statute as to such persons merely afford evidence of negligence, or does it constitute negligence as a matter of law, provided the injury be the proximate result of the violation of the statute?" which apparently leads the court in the case at bar to consider it as of general application. The statute under which that case was decided was quoted in *Missouri P. R. Co. v. Geist*, 49 Neb. 489, and expressly provided that if the statute is not observed the corporation shall "be liable for all damages which shall be sustained by any person by reason of such neglect." The court, while it cited *Chicago, B. & Q. R. Co. v. Metcalf, supra,* with approval, evidently did not regard that case as deciding as a general proposition

that the statute did not mean what it said or was invalid. There is nothing in the *Geist* case to commit the court to the holding that the corporation can neglect to obey the law and not "be liable for all damages which shall be sustained by any person by reason of such neglect." There is some confusion of language in the various opinions upon that question, but it seems to me that for the most part they can be harmonized: Some cases that are discussing the question whether the plaintiff's violation of law was a defense in that particular action, say that such violation is not in itself a defense, but would be a good defense if it appeared that it was the proximate cause of the injury complained of. And there are a few cases that say that such violation of law is not in itself negligence, but is evidence of negligence, meaning that it is not in itself contributory negligence that would preclude his recovery, but is evidence of such contributory negligence, and, if followed with evidence showing that it was the proximate cause of the injury complained of, would amount to a complete defense. The more careful opinions say that such violation of law on the part of the plaintiff will not of itself amount to a defense, but if it is the proximate cause of the injury complained of, the plaintiff cannot recover. It seems strange to say as an abstract proposition that to neglect to obey the law is not negligence. An act of negligence on the part of the plaintiff will not defeat his recovery, unless such act was the proximate cause of his injury, and if the plaintiff's negligence had nothing to do with his injury it is not necessary to say that it is not negligence in itself. It is enough to say that it was not contributory negligence preventing a recovery.

And, so, if we consider that this boy was of sufficient discretion to know that to violate this law of the road was dangerous and might be the cause of the very accident that he complains of, he must then be treated as a person of full age and discretion, and in such case we must inquire whether this violation of

Rule v. Claar Transfer & Storage Co.

the law on his part was the proximate cause of his injury, so that it would not have occurred if he had obeyed the law. If, therefore, he was of full age and discretion and "cut the corner" as the opinion says, and in doing so struck the defendant's truck, can we still say that there is a question remaining for the jury to determine? If there is a congestion of traffic in the street, or some unusual circumstances place the rider of a bicycle in danger, and in the emergency he acts as a reasonable person would, the fact that he rode on the wrong side of the street in such emergency will present a question for the jury whether he exercised the proper degree of care and acted as a man of ordinary prudence would act under such circumstances. This was held in *Cloherty v. Griffiths,* 82 Wash. 634, one of the cases formerly relied upon for the conclusion reached in the majority opinion. In *Reynolds v. Pacific Car Co.,* 75 Wash. 1, another case relied upon, it was claimed that because the plaintiff was driving his automobile to the left of the center of the street on which he was driving, and was struck by an automobile on a crossing street, his recovery for damages was not precluded as a matter of law because it did not conclusively appear that he was on the left of the center when the collision took place, and did not appear that the violation of the ordinance was a proximate cause of the collision. How different such a case is from a person driving on the left side of the street, and, turning suddenly around a corner to the left, colliding with another machine which was being driven on the right side of the street as the law requires. If the question was fairly presented to the jury, it seems to me that reasonable men could not differ in concluding that if this boy had been riding on the right hand side of the street and instead of turning abruptly around the corner to the left, had gone around the center of the street, the accident as detailed in this evidence could not have happened.

This regulation against turning abruptly around the corner to the left is one of the most essential regula-

tions for safety in our public streets in towns and cities. No one can violate this regulation if driving at an ordinary rate of speed without danger of an accident. And when this regulation is violated by one driving at ordinary speed, whether he will meet with an accident depends wholly upon whether some traveler on the right hand side of the intersecting street, as the law provides, happens to be at the point where this careless driver will necessarily collide.

The rule is for the safety of persons driving on the proper part of the street, and the authorities are practically unanimous that in such cases, if an observance of the rule by the plaintiff would have avoided the accident, he cannot recover.