WALTER MELCHER, APPELLANT, V. LEANDER S. MURPHY ET AL., APPELLEES, IMPLEADED WITH CITY OF FREMONT, A CORPORATION, APPELLANT.

31 N. W. 2d 411

Filed March 19, 1948.    No. 32321.

*Cook & Cook* and *Charles H. Yost,* for appellants.

*Sidner, Lee & Gunderson,* for appellees.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and WESTERMARK, District Judge.

WESTERMARK, District Judge.

The plaintiff brought this action against Leander S. Murphy and Fremont Ice & Fuel Company to recover

damages for injuries sustained in a collision between the truck on which plaintiff was riding and a Chevrolet coupé driven by the defendant Murphy and owned by the Fremont Ice & Fuel Company. The City of Fremont was made a defendant under the provisions of the Workmen's Compensation Act.

On the morning of the accident the plaintiff, an employee of the City of Fremont street department, was cleaning weeds out of ditches on L Street which runs north and south between Jackson and Washington Streets. Harry Betts, a driver of a city dump truck, came by to inform a Mr. Maynard, who was working with plaintiff, that he should go to the city light plant to do other work. Plaintiff then requested Betts to take him to a truck used by plaintiff and located about two and a half blocks north. The truck driven by Betts was a Dodge truck equipped with the usual cab and a steel dump box which was loaded with trash. The plaintiff stepped on the right running board, facing north, with his back against the dump box, his left hand holding on the dump box, and his right hand on the door frame, with a pitchfork on the running board, resting against his body.

He testified that he was standing so that no part of his body was over the window. His testimony in this respect was verified by Betts, the driver of the truck, and by Maynard, the other occupant. Betts stated that plaintiff did not obscure his vision to the east, that he saw the Murphy car and "saw him coming." This testimony was not contradicted by any of the defendants' witnesses.

The plaintiff testified that they proceeded north on L Street. When about 50 feet from the intersection of Jackson Street, where the collision occurred, he observed the Chevrolet coupé coming west on Jackson Street about 225 feet from the intersection. As the truck entered the intersection the coupé was about 80 feet away. He also observed that the coupé was traveling about 50 miles per hour. Plaintiff fixed the distances by certain

houses situated on the north side of Jackson Street. He further testified that the truck was traveling approximately 10 or 12 miles per hour as it was driven north on L Street. He did not warn the truck driver of the approaching car.

Defendant Murphy, the driver of the Chevrolet coupé, testified that he was driving west on Jackson Street about 20 to 25 miles per hour, and as he approached L Street he observed the truck coming from the south. He further testified that the truck was not speeding.

The plaintiff's testimony was to the effect that the Chevrolet coupé ran into the truck, while defendants Murphy and Fremont Ice & Fuel Company claimed that the truck ran into the left front fender of the coupé. After the collision the truck took a northwesterly course and stopped at the northwest corner of the intersection. The coupé was in the northeast quarter of the intersection. Neither vehicle was severely damaged. Immediately after the accident plaintiff was found lying between the vehicles, injured, and requiring hospitalization.

The accident occurred in the forenoon of August 19, 1946. The streets involved were graveled. It was stipulated that the scene of the accident was not in a congested district.

At the close of plaintiff's evidence, and again at the end of all the evidence, the defendants Murphy and Fremont Ice & Fuel Company moved for a directed verdict, principally on the ground, in substance, that plaintiff was guilty of contributory negligence more than slight by riding on the running board of the truck. The motions were overruled and the case was submitted to the jury, which found against the plaintiff.

Plaintiff first contends that the court substantially copied the pleadings in the instructions. This court has repeatedly held that if prejudice results by such presentation of the issues to the jury, it is sufficient ground for reversal.

In the case of Franks v. Jirdon, 146 Neb. 585, 20 N. W.

2d 597, this court said: "The proper method of presenting a case to the jury is a clear and concise statement by the court of those issues which find support in the evidence and not by substantially copying the pleadings of the parties and if, by doing the latter, it results in prejudice to the complaining party it is a sufficient ground for reversal." This rule was followed in Allen v. Clark, 148 Neb. 627, 28 N. W. 2d 439. See, also, McClelland v. Interstate Transit Lines, 139 Neb. 146, 296 N. W. 757.

On examination of Instruction No. 2, wherein the court set forth the contentions of the parties as shown by the pleadings, we find the court presented, except as to the specific charges of negligence, a condensed form of the issues. It is our opinion that, with the exception of the charges of negligence, the court presented the issues clearly and that no prejudice resulted to plaintiff.

Plaintiff's next contention is that the court erred in submitting to the jury the question of speeding on the part of the driver of the truck on which plaintiff was riding, when there was no evidence of speeding. The pertinent parts of Instruction No. 2 relating to contributory negligence of plaintiff are as follows: "Defendants further allege that the sole cause of the collision and the resulting injury to plaintiff was the negligence of the plaintiff and the negligence of Harry Betts, driver of the city truck, as follows: * * * (d) The said Harry Betts, the driver of the city truck was driving his truck in a reckless, negligent and careless manner and at a speed in excess of 25 miles per hour and contrary to the ordinances of the city of Fremont as set out in Paragraph 5 of plaintiff's petition. * * * (g) Said Harry Betts, the driver of the city truck drove said automobile at a high, dangerous and unlawful rate of speed, contrary to the ordinances of the city of Fremont and to the rules of the road and at a greater rate of speed than was reasonable under the circumstances and at a time when there was a man standing on each running board of his vehicle and he could not see out on either side thereof."

There appears to be no evidence that the truck was driven recklessly, or that it was speeding. The occupants of the truck testified that the truck was traveling 10 to 12 miles per hour. Defendant Murphy, in answer to the question, "What was the fact as to the speed of the truck of the City of Fremont?" replied, "I couldn't tell you. I wasn't on his truck. I had no way of knowing how fast it was going. I don't think it was going above the city ordinance speed limits." Further, in answer to the next question, "In other words, you don't claim that they was speeding?" he said, "No."

In this case there was no evidence that the truck on which plaintiff was riding was speeding. But this matter was given emphasis by the two charges of negligence, above stated. Herein was an issue of negligence not supported by any evidence and the instruction could only have had the effect of confusing the jury. We therefore conclude that for two reasons the court erred in submitting the issue of speeding as a defense. This court has repeatedly said in effect that where an element of negligence is pleaded and there is no evidence to support such element, it is prejudicial error to submit such issue to the jury. See McClelland v. Interstate Transit Lines, *supra;* Johnson v. Mallory, 123 Neb. 706, 243 N. W. 872; Koehn v. City of Hastings, 114 Neb. 106, 206 N. W. 19. On the other hand, while the fact as to excessive speed, if any, of the truck on which plaintiff was riding, might become material in determining what was the proximate cause of the accident, however such alleged negligence would not be imputed to plaintiff as a guest, but such guest may be responsible for the consequences of his own negligence in failing, if such was the fact, to perform the duties imposed upon him as such. See Hamblen v. Steckley, 148 Neb. 283, 27 N. W. 2d 178.

The defendants Murphy and Fremont Ice & Fuel Company, hereinafter designated as appellees, urge that the plaintiff was guilty of contributory negligence more

than slight by reason of riding on the running board of the truck in violation of section 39-742, R. S. 1943, that therefore they were entitled to a directed verdict, and the instructions referred to above, if erroneous, were not prejudicial to plaintiff.

In support of this contention, the appellees cite Seiffert v. Hines, 108 Neb. 62, 187 N. W. 108, and other cases where riders on running boards of motor vehicles have been barred from recovering on the ground of contributory negligence. In that case the deceased was riding on the running board of a motor vehicle and was killed by a train on a railroad crossing. This court denied recovery because of contributory negligence but gives its reason therefor. In the opinion the court said: "Deceased was standing on the running-board of the automobile * * * he had a clear opportunity of seeing the approaching train * * * and had even a better opportunity of observing the approaching train than the other occupants of the automobile. In this position, knowing that they were approaching the railroad crossing, it was his duty to look and listen for approaching trains. In this regard the same obligation rested upon him as though he were driving the car himself." But applicable to the instant case the opinion states, "It can be readily conceived that cases may arise in which a passenger, or a person other than the driver of the car, may be placed in such a situation that a failure to look and listen may be reasonably excused, but the facts in this case do not present such a situation."

In the case of Wiese v. Polzer, 212 Wis. 337, 248 N. W. 113, plaintiff was injured while riding on a fender of a motor truck. Here recovery was denied because the plaintiff was negligent in riding on the fender in violation of statute. The case, however, was decided on the theory that the violation of a statute was negligence as a matter of law. The court held: "This statute is a safety statute. It imposes on every person the absolute duty of obedience to it. By it the legislature has

fixed the standard of care by which the conduct of all persons is measured. It covers the elements of want of ordinary care and reasonable anticipation of injury involved in actionable negligence. Osborne v. Montgomery, 203 Wis. 223, 240, 234 N. W. 372. Where the statute is violated no jury question can arise as to these elements."

The appellees cite Central Transfer & Storage Co. v. Frost, 20 Ohio L. A. 592, 36 N. E. 2d 494, in which a boy riding on a fender was injured and was denied damages. In this case the driver of the roadster was speeding, and the boy did nothing to discourage him from speeding. It is clear that riding the fender under such circumstances was negligence. In another case, Hinch v. Elliott, 119 Conn. 207, 175 A. 684, a guest who sat on a front fender of an automobile which was traveling between 35 and 40 miles per hour on a much-traveled road was held to be guilty of contributory negligence, barring recovery. In Smith v. Ozark Water Mills Co., 215 Mo. App. 129, 238 S. W. 573, the court took into consideration other circumstances than the mere act of riding on a running board. The court said: "If there can be any recovery whatever in this case it must be based on the humanitarian doctrine, because the action of the deceased in standing on the running board of an automobile which was traveling up a dark road, on which the lights of the machine on which he was traveling could not, owing to the curve in the road, shine and throw light, traveling at a rate of twenty-five to thirty miles an hour and being on the outside or curve side of the road, and on the wrong side, when there was a seat in the automobile where passengers riding in automobiles are supposed to be, and which had been offered to him, is an act of negligence concerning which reasonable men could not have a difference of opinion."

In the case of Ferrell v. Beaumont Traction Co., (Tex. Civ. App.) 207 S. W. 654, the same consideration of

other circumstances was made in determining the case. Here, the plaintiff, a boy, was riding in a wagon. On seeing a friend in an automobile, he jumped off the wagon and stepped on the running board of the automobile, when he was hit by the approaching street car. In this case plaintiff testified: "I didn't know anything about the street car, didn't think about it, and didn't look for it." The court, in denying recovery for plaintiff, commented as follows: "He simply acted upon an impulse without using his judgment in the slightest degree, or doing anything to ascertain the situation."

In this state, the violation of a statute enacted in the interest of public safety is not negligence as a matter of law, but evidence of negligence to be considered in connection with all the other evidence in the case. See Burkamp v. Roberts Sanitary Dairy, 117 Neb. 60, 219 N. W. 805; Herman v. Firestine, 146 Neb. 730, 21 N. W. 2d 444.

In the instant case the question now is, Was the plaintiff's conduct in stepping on the running board to ride two and one-half blocks contributory negligence as a matter of law? To determine this question it is necessary to review the surrounding circumstances. The truck was loaded with trash and the distance to go was short. The street on which the truck was to be driven was not in a congested district. It was daylight. Plaintiff could anticipate that if any other driver operated a vehicle on the street, or expected to cross the street at the intersections to be traversed, he would use due care. In other words, the circumstances surrounding the fact of riding on the running board did not present any element of danger or risk except in the act of violating the statute relative to riding on a running board of a motor vehicle.

It might be pertinent to point out that in attempting to apply certain cases to the one for discussion it is easy to overlook the fundamental definition of negligence. "Negligence is the failure to do that which an

ordinarily prudent person would do, or the doing of that which an ordinarily prudent person would not do, under the same circumstances." McCullough v. Omaha Coliseum Corporation, 144 Neb. 92, 12 N. W. 2d 639.

We turn to other principles of law. " 'What is reasonable care must in each case be determined by its own peculiar facts and circumstances.' Lammers v. Carstensen, 109 Neb. 475, 191 N. W. 670.

" 'Acts that might be considered prudent in one case may be deemed to be negligent in another.' 20 R. C. L. 9, sec. 7. 'The surrounding facts and circumstances are of controlling importance. What may be deemed ordinary care in one case may, under different surroundings and circumstances, be negligence. Negligence is essentially relative and comparative.' 20 R. C. L. 24, sec. 18.

"Negligence is the absence of care according to the circumstances." McClelland v. Interstate Transit Lines, 142 Neb. 439, 6 N. W. 2d 384.

Being guided by the foregoing principles, we cannot say as a matter of law that plaintiff was guilty of contributory negligence more than slight. Reasonable minds might draw different conclusions from the facts and circumstances presented herein. "Only when the standard is clear should it be determined by the court." Roberts v. Carlson, 142 Neb. 851, 8 N. W. 2d 175. In the case of Rule v. Claar Transfer & Storage Co., 102 Neb. 4, 165 N. W. 883, the court held: "Even if it were established that the plaintiff was of full age and discretion and 'cut the corner' in violation of the ordinance, yet this would not necessarily establish contributory negligence as a matter of law." See, also, Chicago, B. & Q. R. R. Co. v. Metcalf, 44 Neb. 848, 63 N. W. 51, 28 L. R. A. 824; Missouri P. Ry. Co. v. Geist, 49 Neb. 489, 68 N. W. 640.

May we also call attention to the case of McDonald v. Omaha & C. B. Street Ry. Co., 128 Neb. 17, 257 N. W. 489, wherein this court held: "It has been the

settled rule in this state, that, where different minds may draw different conclusions from the evidence in regard to negligence, the question should be submitted to the jury, but on the other hand, where the evidence shows beyond reasonable dispute that the plaintiff's negligence is more than slight as compared with the defendant's negligence, then it is proper for the trial court to instruct the jury to return a verdict for the defendant. Anderson v. Altschuler, 125 Neb. 853; Kudrna v. Sarpy County, 125 Neb. 83; Allen v. Omaha & S. I. R. Co., 115 Neb. 221; 25 R. C. L. 1283, sec. 135; De Griselles v. Gans, 116 Neb. 835; Richardson v. Southern P. R. Co., 88 Cal. App. 648."

We must conclude that the riding on the running board by plaintiff under the facts and circumstances as shown by the evidence and the law applicable thereto was a question for the jury. It therefore follows that in submitting to the jury the issues of speed of the truck on which plaintiff was riding was reversible error and plaintiff is entitled to a new trial.

The plaintiff further argues that appellees' counsel was guilty of misconduct while presenting his argument to the jury. May we point out that since the bill of exceptions does not contain all of the argument objected to, the court cannot draw proper conclusions from the part preserved in the bill of exceptions. Since the case will be for retrial we deem it unnecessary to pass thereon.

REVERSED AND REMANDED.