CITY OF AURORA V. MARGARET COX.

FILED FEBRUARY 5, 1895.  No. 5042.

43 727
56 766

1. **Municipal Corporations: STREETS.** A municipal corporation is bound to keep its streets in a reasonably safe condition for public travel.

2. ——: ——. Whether or not a city has failed to perform such duty is generally a question of fact.

3. ——: ——: NEGLIGENCE: PLEADING. A petition sufficiently charges negligence against a city when it alleges facts from which a person may reasonably infer that the street was not kept in a condition reasonably safe for public travel. It is not necessary to state a cause of action that such inference should be a necessary one from the facts alleged in the petition. It is sufficient if it be a reasonable inference.

City of Aurora v. Cox.

4. ——— : ——— : ——— : ——— : EVIDENCE. Therefore, where a
petition charged that a city having more than 1,000 and less
than 5,000 inhabitants constructed a cross-walk at one of the
principal and most frequently traveled intersections, that said
cross-walk was constructed of brick and stone, and that some of
the stones were placed so that they projected to a height of two
inches above the general surface, *held*, that the petition in this
respect stated a cause of action and that a verdict founded upon
evidence sufficient to establish such allegations was supported
by the evidence.

ERROR from the district court of Hamilton county.
Tried below before SMITH, J.

A statement of the case appears in the opinion.

*A. W. Agee* and *Kellogg & Graybill*, for plaintiff in er-
ror, cited: 2 Dillon, Municipal Corporations, sec. 1006;
*City of Aurora v. Pulfer*, 56 Ill., 270; *Raymond v. City
of Lowell*, 6 Cush. [Mass.], 524.

*E. J. Hainer, contra:*

Two things must occur to support the action: (1) An
obstruction or defect in the crossing by fault of the city;
(2) no want of ordinary care to avoid it on the part of
plaintiff below. (Buswell, Personal Injuries, sec. 164.)

By ordinary care is meant ordinary prudence, and this
does not require a traveler to look far ahead for obstruc-
tions or defects which ought not to be suffered to exist.
(Buswell, Personal Injuries, sec. 164; *Fuller v. Inhabitants
of Hyde Park*, 37 N. E. Rep. [Mass.], 783; *Thompson v.
Bridgewater*, 7 Pick. [Mass.], 188; *Palmer v. Andover,*
2 Cush. [Mass.], 600.)

A traveler has a right to assume the safety of a public
way or sidewalk, and is not bound to be on the lookout
for expected danger therein. (*Jennings v. Van Schaick*, 108
N. Y., 530; *Osborne v. City of Detroit*, 32 Fed. Rep., 36;
*Gordon v. City of Richmond*, 83 Va., 436.)

Anything in the condition of the crossing which makes it unsafe or inconvenient for ordinary travel is a defect or want of repair. (Buswell, Personal Injuries, sec. 174.)

A plank projecting above the level of the way at a crossing is an actionable defect. (*Winn v. City of Lowell*, 1 Allen [Mass.], 177.)

A person traveling in a public street in the exercise of ordinary care has a right to be absolutely safe against accidents arising from obstructions or imperfections in the street. (*City of Lincoln v. Walker*, 18 Neb., 244.)

The repair of the crossing shortly after the injury is evidence that it was improperly constructed or out of repair. (*Osborne v. City of Detroit*, 32 Fed. Rep., 360.)

Where a town officer to whom notice may be given created a defect, notice is unnecessary. (*City of Lincoln v. Calvert*, 39 Neb., 305; *Buck v. Biddeford*, 82 Me., 437; *Holmes v. Town of Paris*, 75 Me., 559.)

It is the duty of a city to keep its streets in a reasonably safe condition. (*Blyhl v. Village of Waterville*, 58 N. W. Rep. [Minn.], 817.)

The condition of the crossing, as alleged in the petition and shown by the testimony, was such as to render the city liable. (*Sawyer v. City of Newburyport*, 157 Mass., 430; *Chilton v. City of Carbondale*, 160 Pa. St., 463; *Lichtenberger v. Town of Meriden*, 58 N. W. Rep. [Ia.], 1058; *Pool v. City of Jackson*, 23 S. W. Rep. [Tenn.], 57; *Patterson v. City of Council Bluffs*, 59 N. W. Rep. [Ia.], 63.)

Irvine, C.

The defendant in error sued the plaintiff in error to recover for injuries sustained by defendant in error by falling on a street crossing which it was claimed had been negligently constructed. She recovered a verdict of $500, whereon judgment was rendered. The plaintiff in error relies on only two points to reverse the judgment. First, that the petition does not state a cause of action; and, sec-

ondly, that the évidence is not sufficient to sustain the verdict. The point urged against the sufficiency of the petition is that the facts alleged as to the condition of the cross-walk are insufficient to show that the city had failed to perform its duty of keeping the streets in a reasonably safe condition for public travel. It is not claimed that the petition is defective in any other particular. On this feature the petition alleged that the city had constructed cross-walks at the intersections of its streets, among them at the intersection of Central avenue with Third street, which streets were among the principal and most frequently traveled in the city; that this cross-walk "was constructed of stones and bricks, but the same was defectively, faultily, and negligently constructed in that the surface of said cross-walk was left very rough and uneven and a large number of stones, of which said cross-walk was constructed, were left projecting to a great, unusual, and dangerous height, to-wit, two inches above the general level of said cross-walk; that afterwards, and before the happening of the grievances herein mentioned, the defendant undertook to repair said cross-walk, and in repairing said cross-walk said defendant city caused a large number of bricks to be left lying loose upon the stones and general surface of said cross-walk, and near the line thereof, which said construction and repairing made said cross-walk uneven, difficult, and highly dangerous for foot passengers and other persons passing along, over, and across said cross-walk." The petition further alleged that the defect was known to the city and that Mrs. Cox, in passing along said walk, struck her foot against one of the projecting stones and was thereby thrown down, sustaining the injury complained of. The rule is settled that the measure of the city's duty in such cases is to keep its streets in a reasonably safe condition for public travel. (*City of Lincoln v. Smith*, 28 Neb; 762; *City of Lincoln v. Calvert*, 39 Neb., 305.) This rule is not controverted by counsel on either side. The objection simply

City of Aurora v. Cox.

is that the allegations above referred to are insufficient to charge a neglect of this duty. It must be remembered that the basis of this action is negligence. While the city's duty is measured by a less stringent rule than in many other cases of negligence, still the failure to perform the duty is negligence, and the law applicable to other cases of negligence is applicable to this. The rule is well settled that in negligence cases the question of negligence is one for the jury whenever, from t..c facts proved, different minds may reasonably draw different conclusions as to the existence of negligence. It is not necessary, therefore, that from the facts stated in the petition the inference of negligence should be irresistible. It is sufficient if facts are alleged which, if proved, would justify the jury in inferring negligence. Where the general rule in cases of negligence is as above stated, the question as to whether a city has been negligent in the maintenance of its streets is a question of fact. (*Nebraska City v. Rathbone*, 20 Neb., 288; *Foxworthy v. City of Hastings*, 25 Neb., 133; *Lichtenberger v. Town of Meriden*, 58 N. W. Rep. [Ia.], 1058.)

The petition here charged that the cross-walk in question was at one of the principal and most frequently traveled intersections of the city; that it was constructed of stone and brick, and that some of the stones were left projecting to a height of two inches above the general level. We think that reasonable men would be perfectly justified in concluding that a cross-walk intended for the use of pedestrians at a principal crossing of a city having more than 1,000 and less than 5,000 inhabitants is not reasonably safe when some of the stones of which it is constructed project two inches above the general level. We do not think that this inference is necessary, but merely that it is a reasonable inference; and this being true, the allegation of such facts in a petition is a sufficient allegation of negligence. Counsel cite us to several cases which it is claimed conflict with this conclusion. In the case of the *City of Aurora*

*v. Pulfer*, 56 Ill., 270, there is some general language to the effect that to charge a corporation, the defect must be of such a character that one exercising ordinary prudence cannot avoid danger or injury, and such as cannot be readily detected. This language was not, however, used in any such case as the present. That case was where a man had been injured in climbing a fence constructed in the outskirts of a city at a point where it was doubtful whether a highway existed, and where the city had never undertaken to open and improve the highway if one in fact existed. In *Raymond v. City of Lowell*, 6 Cush. [Mass.], 524, a person was injured by a sewer grating which projected above the general level between the side walk and the carriage way at a point twelve feet from a public crossing. In Massachusetts the courts have always undertaken to treat negligence as a question of law where the facts are undisputed, and under that doctrine it was there held that the condition of the grading at such a point did not render the street unreasonably dangerous.

On the question of the sufficiency of the evidence, little need be said. There was evidence not only tending to sustain the allegations of the petition as to the condition of the cross-walk, but evidence tending to show a worse state of affairs than was alleged.

JUDGMENT AFFIRMED.