ISAAC N. GODDARD, ADMINISTRATOR OF THE ESTATE OF
ARTHUR E. GODDARD, DECEASED, V. CITY OF LINCOLN.

FILED JULY 3, 1903. No. 12,936.

1. **Municipal Corporations**: LIABILITY. The liability of a city, for in-
juries resulting from defective streets or sidewalks, rests exclu-
sively upon express or implied provisions of the statute, and it
is competent for the legislature to limit such liability or remove
it entirely.

2. ———: DEFECTIVE SIDEWALK: NOTICE: PLEADING. Section 110, ar-
ticle 1, chapter 13, Compiled Statutes, provides, that cities of the
first class shall not be liable for such injuries, unless notice in
writing, of the defect causing the injury, shall have been filed
with the city clerk, at least five days before the injury occurred.
In an action to recover of a city for such injury, *held*, that a
petition failing to allege the filing of such notice with the clerk,
as required by said section, is fatally defective.

3. **Constitutional Law.** The guarantee in the bill of rights, that every
person shall have a remedy, by due course of law, for every
injury done him in his lands, goods, person or reputation, is not
a guarantee of a remedy for every species of injury in respect of
such matters, but only for such as result from an invasion or
infringement of a legal right, or the failure to discharge a legal
duty or obligation.

4. **Duty Imposed by Legislature.** Where a duty is imposed by the
legislature, that body may qualify and limit it, and one com-
plaining of an omission to discharge such duty will not be heard
to complain of the qualifications and limitations accompanying it.

ERROR to the district court for Lancaster county: AL-
BERT J. CORNISH, DISTRICT JUDGE. *Affirmed.*

*George A. Adams,* for plaintiff in error.

*Edmund C. Strode and D. J. Fleharty, contra.*

ALBERT, C.

The plaintiff filed a petition against the defendant,
which, omitting the formal parts, is as follows:

"The plaintiff complaining of the defendant, the City of
Lincoln, says:

"1. That the defendant, the City of Lincoln, is a corpora-

tion organized and acting under the laws of the state of Nebraska, and is a city of the first class.

"2. That the plaintiff, Isaac N. Goddard, was on the — day of May, 1901, by the county court of Lancaster county, Nebraska, appointed administrator of the estate of Arthur E. Goddard, deceased, who died in the county of Lancaster and state of Nebraska, intestate, on or about the 6th day of May, 1901.

"3. That heretofore, to wit; on the 6th day of May, 1901, the decedent, Arthur E. Goddard, being then of the age of 15 years, and unmarried, was passing along and upon the sidewalk on the south side of R street, in the said city of Lincoln, Nebraska, between Nineteenth and Twentieth streets of the said city, and in front of lot 5, block 8, in Kinney's O street addition to the said City of Lincoln, Nebraska, and in front of a store known as 1903 R street, at which point, the said sidewalk was, at said time, badly and dangerously out of repair, the same being constructed of a wooden substance, being a board sidewalk, constructed originally by the laying of wooden stringers lengthwise along said sidewalk and the nailing of boards crosswise of said stringers along said sidewalk space; that said sidewalk was, at said time and place, to wit; May 6, 1901, and in front of lot 5, block 8, Kinney's O street addition to said City of Lincoln, Nebraska, and in front of the store building known as 1903 R street, in said city, badly out of repair, the boards of the same, and on the same, and constituting a part of the same, at said time and place, being loose and laying loose upon said stringers, and one or two boards being entirely removed therefrom, so that said sidewalk was, at said time and place, in an unsafe and dangerous condition and had so been in such unsafe and dangerous condition for a long time prior thereto, of all of which the said City of Lincoln had full knowledge; that on said day, and at said place, the said decedent, Arthur E. Goddard, while lawfully and rightfully passing along and over said sidewalk, without any fault or negligence of his, or without any fault or negligence of the plaintiff,

Isaac N. Goddard, stepped into the hole in said sidewalk, and because of said unsafe condition of the same and without any fault of his or his said father, plaintiff herein, was thrown violently and forcibly to the ground, and upon said sidewalk, so that he was seriously, dangerously and mortally injured, and from the effects of which he soon thereafter died.

"That the death of said Arthur E. Goddard was caused by and through the negligence of the said defendant, the City of Lincoln, without any fault or negligence on his part or on the part of his father, Isaac N. Goddard, who sues herein as administrator of his estate.

"That said decedent, Arthur E. Goddard, was a bright, healthy, intelligent and industrious boy; that his services were worth to his father the sum of $500 per year; that the plaintiff herein has been put to a large expense in the burial and funeral services of said decedent to wit; the sum of $150.

"That by reason of the wrongful death of the said Arthur E. Goddard, as above stated, the plaintiff has been damaged because of the loss of his service, society and expense of burial, etc., in the sum of $5,000.

"That after the death of the said Arthur E. Goddard to wit; on the — day of May, 1901, and within thirty days from the date of his death and from the date of said injury causing his death, this plaintiff filed with the mayor and city council of said City of Lincoln, Nebraska, defendant herein, a claim for said damages in the sum and amount herein sued for, and the said city, defendant herein, failed and refused to allow or pay the same or any part thereof."

The defendant interposed a general demurrer, which was sustained by the court; the plaintiff elected to stand on his petition, and judgment was given for the defendant. The plaintiff brings error.

We think the demurrer was properly sustained. A city is a creature of the legislature; its rights, duties and liabilities are to be measured by the statute under which it exists. Early in the history of this state, a city was held

liable for injuries resulting from the defective condition of its streets, on the ground that it had exclusive control of such streets, and the legislature had placed ample means at its disposal to maintain its streets in a safe condition. *City of Omaha v. Olmstead*, 5 Neb. 446. The principle announced in that case has since been frequently applied. *City of Aurora v. Cox*, 43 Neb. 727; *City of Lincoln v. O'Brien*, 56 Neb. 761; *City of Beatrice v. Reid*, 41 Neb. 214. As the liability in such cases must rest on some express or implied provision of the statute, it is clear that the legislature may place such limitations upon it as it may deem proper, or, for that matter, take it away entirely. The defendant is a city of the first class, and is governed by the provisions of chapter 16, laws of 1901, which is chapter 13 of the Compiled Statutes of 1901. Section 110, article 1 (Annotated Statutes, 7809), of that chapter is as follows:

"Cities of the first class shall be absolutely exempt from liability for damages or injuries suffered or sustained by reason of defective public ways or the sidewalks thereof within such cities, unless actual notice in writing of the defect of such public way or sidewalk shall have been filed with the city clerk at least five days before the occurrence of such injury or damage. In the absence of such notice, so filed, the city shall not be liable and in all cases such notice shall describe with particularity the place and nature of the defects of which complaint is made."

The foregoing section clearly limits the liability of cities, for injuries resulting from defective streets or sidewalks, to such injuries as result more than five days after the filing of the notice in accordance with the provisions of such section. In other words, in order to fasten the liability upon a city, it is incumbent upon those seeking to recover for the injury, to allege and prove, not only the fact of the injury, but, that notice of the defect causing the injury had been given, for the time and in the manner provided by said section; and a petition which fails to allege that such notice was given, as thereby required, and for the length of time there specified, is vulnerable to a

demurrer, because it omits one of the ultimate facts essential to a recovery.

The plaintiff contends, that the section quoted contravenes the bill of rights, which guarantees to every person a remedy for any injury done him in his lands, goods, person or reputation. The constitutional provision invoked was not intended to guarantee indemnity against injury of every species, but, only such as result from the invasion or infringement of a legal right, or the failure to discharge a legal duty or obligation. While the charter of cities of the first class imposes upon such cities the duty of keeping their walks in a reasonably safe condition, by the provisions of section 110, *supra*, such duty does not become imperative, or active, until the notice therein provided has been given in the manner and for the time therein specified. Such duty and its correlative right, as we have seen, rests exclusively on the statute. It was competent for the legislature to relieve such cities from the duty of maintaining their walks, and from all liability for injuries resulting from their unsafe condition. If the right to recover for such injuries might have been withheld entirely, one seeking to recover for such injuries certainly can not complain of the conditions with which the legislature has seen fit to accompany the right. The law, like the rules of society, forbids that one should complain that a gift is less valuable than it should be.

The plaintiff also contends, that the petition charges that the city had full knowledge of the defective condition of the walk where the injury occurred, and consequently that a written notice, filed with the clerk, would have served no useful purpose. The section quoted should be read in connection with section 108, which precedes it, and which provides that five days' notice by publication be given abutting owners, of the unsafe condition of the sidewalks, and makes such owners primarily liable for injuries resulting from such condition after that time. The provisions of section 110 were clearly intended to enable the city to take steps to fasten the liability upon the abutting

owners.  But whatever its purpose, it is clear and explicit, that the city is not liable, unless the notice, required by its terms, be given in the manner therein provided.   It makes such notice a condition precedent to a recovery, and unless it be averred and proved, there can be no recovery. *McNally v. City of Cohoes*, 53 Hun (N. Y.), 202, appears to be in point.  A special statute provided, that

"The city of Cohoes shall not be liable for the damage or injury sustained by any person in consequence of any street, highway, bridge, culvert, sidewalk or cross-walk in said city being out of repair, unsafe, dangerous or obstructed by snow, ice, or otherwise, or in any way or manner, unless actual notice of the defective, unsafe, dangerous or obstructed condition of said street, highway, bridge, culvert, sidewalk or cross-walk shall have been given to the common council of the said city, or the superintendent of streets and public grounds of said city, at least twenty-four hours previous to such damage or injury."

In that case, where the statute just quoted was involved, the court said:

"Previous to this statute, constructive notice would have sufficed.   Constructive notice signifies that the party to be affected might reasonably have acquired or obtained actual notice, and that if he had not it was his fault; and since he could not interpose his fault to protect himself, he was without protection against the charge of notice imputed by the circumstances.  Constructive notice in case of defective streets is an inference of notice, drawn from official opportunity to obtain it and from official obligation to be reasonably vigilant in keeping the public streets safe for travel.

"The many cases, somewhat similar to the one now before us, which have been before the courts, in which notice has been imputed to municipal corporations by juries, have not infrequently excited the suspicion that municipal corporations are too liable to be unjustly convicted of negligence, and that the doctrine of constructive notice affords too dangerous a temptation to juries to make such corpora-

tions the indemnitors of the injured, under the unjust pretext that their negligence caused the injury. It is not improbable that such considerations, whether just or unjust, were in the mind of the framers of this statute. Its object is to exempt the city from liability unless it has actual notice as distinguished from constructive or possible or imputed notice, which may, in fact, be no real notice. It requires that such actual notice must be given, not imputed, not derived, or obtained, or acquired. * * * The courts can not say that it is wrong for the legislature to impose upon the citizen, as a condition of the liability of the city to him, that he, or some one of his fellows, shall give some notice of the danger which exists. It may be wise to enact that the government will protect the people if only some one of the people will give notice that protection is needed. The people are many compared with the few officials, and it may not be unreasonable that the people should be accorded the privilege to summon the officials to duty."

The foregoing, we think, justifies the judgment of the district court; and it is unnecessary, therefore, to go into the other defects in the petition, which the defendant insists were sufficient to warrant the court in sustaining the demurrer.

It is therefore recommended that the judgment of the district court be affirmed.

BARNES and GLANVILLE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.