Woods v. City of Lincoln.

---

Ida Woods, appellant, v. City of Lincoln, appellee.

Filed April 17, 1920. No. 20952.

Municipal Corporations: Action for Injuries: Petition: Sufficiency. A petition in an action against a city of the first class to recover for injuries sustained by reason of a defect in a street or sidewalk, which does not allege compliance with section 4583, Rev. St. 1913, requiring written notice to the city of the existence of the defect at least five days before the accident, fails to state a cause of action, where the petition shows that the defect was the result of natural wear or decay, and was not caused by any positive negligent act on the part of the city, either in the original construction of the street or sidewalk or in afterwards creating a defective or dangerous condition therein.

Appeal from the district court for Lancaster county: William M. Morning, Judge. Affirmed.

Burr & Brown, for appellant.

C. Petrus Peterson and Charles R. Wilke, contra.

Dorsey, C.

November 23, 1916, the plaintiff commenced an action against the city of Lincoln to recover for injuries sustained in crossing a bridge maintained by the city over the gutter at a street intersection. The court sustained a general demurrer to the plaintiff's petition; the plaintiff elected to plead no further and to stand upon her petition, and a judgment of dismissal was entered.

May 8, 1918, the plaintiff commenced another action for the same injury, and the city again interposed a general

demurrer, which was sustained by the trial court. The plaintiff again elected to stand upon her petition, and a judgment of dismissal was again entered, from which the plaintiff appeals.

The trial court sustained the demurrer to the petition in the present action, as well as the demurrer in the first action, upon the ground that it was not alleged that written notice of the defect causing the injury was given to the city at least five days prior to the accident, as required by section 4583, Rev. St. 1913.

It was alleged in the petition in the later action, from which this appeal is prosecuted, that the city had for more than 20 years maintained at the intersection of Twelfth and P streets a brick and stone bridge, with a wooden flooring, across the gutter, as a part of the pavement of the street, but not as part of the sidewalk space; that the wooden floor had become rotten, defective, and unsafe; and that, while walking across the gutter, the plaintiff stepped upon the bridge, and the boards of the floor broke under her weight, causing her to be thrown violently to the pavement and severely injured. It was also alleged that the defect in the bridge was known to the city and its officers long enough before the accident to have been put in repair, if the city authorities had performed their duty; that the gutter bridge was constructed as part of the original paving of the street; that the city was negligent in putting a bridge with a wooden floor at that place; and that it was the duty of the city "not to permit the wooden floor of said bridge to slowly decay and rot by the elements, and especially not to permit the same to be and become a nuisance, as well not to invite and induce the public to use and keep using the same for public travel, when it knew, or should have known, that said bridge, on account thereof, had become and was dangerous and unsafe for public use, and was a nuisance."

This court has recognized that, under some circumstances, recovery for injuries sustained by reason of

defective streets or sidewalks may be allowed, although the statutory written notice was not given prior to the accident. Where water was thrown by employees of the city upon a sidewalk and bridge connecting the sidewalk with the street crossing, which froze and formed a coating of ice, the city was held liable to one who fell thereon and was injured, although the statutory notice was not given, for the reason that the city is deemed to have knowledge of a condition that it creates, and the statute does not contemplate exemption from the city's own negligent act. *Tewksbury v. City of Lincoln,* 84 Neb. 571. Where, in filling up an excavation for a sewer, the earth settled because of the failure of the city to tamp it down solidly, thereby leaving a cavity underneath the street pavement, which broke through, the fact that the statutory notice had not been given did not bar the injured party from recovery, because the accident was caused by the negligence of the city in the original construction of the sewer. *Updike v. City of Omaha,* 87 Neb. 228. Where, in opening a street in the vicinity of a creek bed, the city left an unguarded declivity on the side of the street, a party injured by his horse plunging over it into the creek bed was not debarred from recovery because the statutory notice was not given. *McMasters v. City of Lincoln,* 101 Neb. 278.

It is an underlying principle in all cases in which it is sought to hold a city liable for injuries arising from defective streets or sidewalks that, in order to establish negligence, it must be shown that the city had knowledge of the existence of the defect prior to the time when the injury occurred. In cases where no positive negligent act on the part of the city is shown, either in the original construction of the street or sidewalk, or in afterwards creating a defective or dangerous condition therein as, for instance, where it appears that the defect causing the injury is attributable only to gradual wear or decay, there is nothing to bring home to the city that previous knowledge of the defect which is an essential element of

actionable negligence. In such cases, there is no reason to dispense with the statutory notice; but, where the defective condition springs directly from the negligent act of the city itself, it must be presumed that the city had knowledge of it, and the statutory notice would be superfluous.

"When a walk or a street through wear or some accidental cause becomes in an unsafe condition, the city authorities will perform this duty (of repair) if the necessity of so doing comes to their knowledge. This at least the statute assumes, and its object and effect is to make certain that the officers of the city shall have such knowledge. * * * If the act causing the dangerous condition is done by the officers of the city themselves, the knowledge of its existence is inherent in the act." *Updike v. City of Omaha*, 87 Neb. 228, 239.

The petition in the instant case shows upon its face that the flooring of the bridge became decayed from the effect of time and of the elements, not that it was defective when the bridge was originally constructed, nor that it became defective, after it was laid, by any affirmative act of the city or of its officers or agents. There is, to be sure, an averment that it was negligence on the part of the city ever to have built a bridge with wooden flooring over the gutter as part of the general plan of paving the street, but it was not alleged that unsound or defective material was used in its construction. If the flooring originally laid was not defective, the fact that the material used was not indestructible or impervious to gradual decay could not, it seems to us, charge the city with negligence in the initial construction of the bridge.

In its final analysis, therefore, the petition sets up nothing more than a defect arising from natural causes, without the interposition of any affirmative act of negligence on the part of the city to bring it about or to aggravate it. In such a case we are convinced that the statute requiring five days' prior notice to the city ap-

plies, and that, in the absence of any allegation of compliance therewith, the demurrer to the petition was properly sustained.

It appears from the record that the defendant filed an answer setting forth a plea of former adjudication based upon the judgment of dismissal rendered against the plaintiff in the first case that she brought. The plaintiff demurred to this plea, and the whole case was submitted to the court on the question whether the action was barred by the previous judgment, as well as upon the question whether the petition was demurrable for failure to allege the giving of the notice. The trial court having determined the case upon the demurrer to the petition, the plaintiff had no standing in court, and there was, in effect, no petition and no case which the defendant could meet by a plea in bar. As the trial court was right in his ruling upon the demurrer, the same situation exists here, and this court is without any basis upon which to consider the question of *res judicata*, although it has been ably presented in the briefs.

We recommend that the judgment of the court below be affirmed.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.