Lammers v. Carstensen.

ALPHONSE LAMMERS, APPELLANT, V. HANS CARSTENSEN, APPELLEE.

FILED DECEMBER 30, 1922.   No. 22166.

1. **Negligence:** QUESTION FOR JURY. Evidence set out in the record *held* sufficient to submit to the jury the question as to whether the defendant was negligent.

2. **Appeal:** AFFIRMANCE. Where there is substantial evidence supporting the verdict of a jury, the judgment will not be disturbed unless upon the whole evidence it appears that the verdict is clearly wrong.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

*H. E. Burkett,* for appellant.

*A. R. Davis* and *Frank P. Voter, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY and FLANSBURG, JJ., SHEPHERD, District Judge.

DAY, J.

Alphonse Lammers, the plaintiff, brought this action against the defendant, Hans Carstensen, to recover damages to the plaintiff's automobile, alleged to have been caused by the negligence of the defendant, which resulted

in a collision between the automobiles of the respective parties. The trial resulted in a verdict and judgment for the defendant. Plaintiff appeals.

The errors relied upon for a reversal of the case are: That the verdict is against the testimony; that it was rendered in disregard of the court's instructions; and that the court erred in failing to give an instruction asked by the plaintiff.

The record shows that on the afternoon of June 20, 1920, Miss Jessie Rees had possession of the plaintiff's Buick automobile as bailee, and was driving the car on a trip from Hartington, Nebraska, to Wayne, Nebraska. Besides herself, three other persons were in the car. The highway over which she was driving ran past the defendant's residence, on a farm about two miles southeast of the town of Laurel. At and near the place of the collision the roadway was graded up to a width of about 24 feet, had a hard, smooth surface, and was in splendid condition. As the plaintiff's car was being driven south along this highway at a rapid rate of speed, the defendant drove his car, a Dort, from his premises, approaching the highway from the west. There was a row of trees along the north side of the defendant's private driveway, leading to the public highway, and also a row of trees on the west side of the public highway. The low branches and heavy foliage of these trees obstructed the view toward the north of a person in a car coming out of the private driveway, until the west side of the roadway was reached. The same obstruction also prevented a driver of a car approaching from the north from seeing an automobile coming out of the private driveway. Just as the front wheels of the defendant's car entered upon the west side of the roadway, defendant saw the plaintiff's car approaching on the west side of the roadway about 150 feet distant, traveling at a high speed. In describing the situation, he says the car was coming in a cloud of dust at 40 to 50 miles an hour. Miss Rees, the driver of plaintiff's car, testified that she was driving

between 25 and 30 miles an hour.   Defendant was driv-
ing, according to his estimate, between 3 and 4 miles an
hour, and, according to plaintiff's testimony, from 7 to 8
miles an hour.   Confronted by this sudden emergency,
the defendant concluded that he did not have time to
cross the roadway far enough to permit plaintiff's car to
pass in his rear, and therefore immediately stopped his
car, which left his car standing crosswise of the roadway,
the rear wheels being about 2 feet east of the west line
of the roadway.   Miss Rees, acting on the assumption
that the defendant would drive on across the road,
steered her car to the right, intending to pass in the rear
of the defendant's car.   A bank along the west side of
the roadway at that precise point prevented Miss Rees
from turning further to the right than she did.   She also
applied the brake in an endeavor to stop.   In this situ-
ation the plaintiff's car collided with the rear end of de-
fendant's car with such force as to turn plaintiff's car
completely over twice, leaving it standing right side up
on a little bank at the side of the road about 50 feet from
the point of collision.   The plaintiff's car was badly
damaged, and defendant's car suffered but little injury.

Under the facts, as shown by the record, we are of the
opinion that whether the defendant was negligent in
stopping his car as he did was a question for the jury
to determine.   A sudden emergency was presented by the
situation, in which all the parties were placed in a po-
sition of peril, and quick determination and quick action
was required.   If the plaintiff's car was moving at the
rate of speed estimated by some of the witnesses, or if
the distance from the scene of the accident was as given
by one of the witnesses, approximately 2 seconds elapsed
between the time the approaching car could have been
seen and the impact. Taking any view of the testimony, it
is plain that but 3 or 4 seconds intervened between the
time the plaintiff's car could have been seen and the col-
lision.

Users of the highway are required to exercise reason-

able care. What is reasonable care must in each case be determined by its own peculiar facts and circumstances. As we view the testimony and the circumstances, the case was peculiarly one within the province of the jury.

The rule is well established that, where there is substantial evidence supporting the verdict of a jury, the judgment will not be disturbed unless upon the whole evidence it appears that the verdict is clearly wrong.

The instructions given by the court fully and fairly submitted the questions presented by the record to the jury. The verdict, as we view it, is responsive to the evidence and not contrary to the instructions.

The instruction asked for by plaintiff, the refusal of which is assigned as error, was equivalent to an instructed verdict in his favor, and was properly refused.

Upon an examination of the record we find no error. The judgment of the district court is, therefore,

AFFIRMED.