LUDLOW KING, ADMINISTRATOR, APPELLEE, V. DOUGLAS
COUNTY, APPELLANT.

FILED MARCH 19, 1926.   No. 23727.

1. Highways: MAINTENANCE: .LIABILITY OF COUNTY. Where the
proper authorities engage in grading or paving a highway which
the county is liable to keep in repair, and do not close the same,
but permit the continuance of public travel thereon, or on parts
of said highway not under construction, or not occupied by the
improvements in the course of construction, and damages accrue
in consequence of the insufficiency or want of repair of the por-
tion of the public highway over which the continuance of such
travel is permitted, the person sustaining the same may recover
in a proper case against the county.

2. ———: PRESUMPTION. The presence of a well-traveled track,
obviously in recent use, situated within the confines of a regu-
larly established rural highway, and connecting with a public
highway open to travel, with no barriers thereto, and no warn-
ing signs thereon, constitutes a continuing invitation to the
traveling public to use the same, and justifies the assumption
that those chargeable with its maintenance have performed their
duties, and that the portion of the highway occupied by such
traveled tracks is reasonably safe for the accommodation of
the public.

3. ———: MAINTENANCE: CARE REQUIRED. Where the boundary
of a public highway, and also the traveled portion thereof, are
within two feet of the perpendicular banks of a ditch, the bed
of which is fifteen feet below the traveled track of said road,
ordinary care requires the erection and maintenance of a barrier.

4. ———: INJURY TO TRAVELER: LIABILITY OF COUNTY. Where
injury results to a traveler upon a highway, caused by the com-
bined effect of the county's negligence and another cause, over
which the party injured has no control, and for which he is not
responsible, and which the county has not in any manner oc-
casioned, but which, the county's negligence not concurring,
would not have resulted in the injury suffered, the county is
liable for the injury thereby inflicted.

APPEAL from the district court for Douglas county:
ALEXANDER C. TROUP, JUDGE.   Affirmed.

W. W. Slabaugh and Henry J. Beal, for appellant.

Baker & Ready, contra.

Heard before MORRISSEY, C. J., ROSE, DAY, GOOD, THOMP-
SON and EBERLY, JJ.

EBERLY, J.

Action to recover damages for the death of his intestate
by Ludlow King, as administrator of the estate of Emma
Nancy King, deceased, against the county of Douglas and
Allied Contractors, Inc., for failure to properly construct
and maintain a public highway extending east from Elk-
horn, Nebraska, and also for failure to establish and main-
tain suitable barriers and warnings thereon.    On the trial
in the district court for Douglas county, Nebraska, there
was an instructed verdict for Allied Contractors; plaintiff
had verdict and judgment against Douglas county, and the
defendant county has appealed.

The record discloses that the road in question is a sec-
tion of the Lincoln highway, then and theretofore one of
the principal thoroughfares of the state, established and in
general use for many years.    During the year 1920 that
portion of the highway on which the accident occurred was
graded, and a roadway 18 feet in width on the southerly
side of that highway was paved.    During the construction
and before completion of this improvement the accident
occurred.

The scene of the accident may be roughly described as
a somewhat irregular triangle formed by the north line of
the Lincoln highway pavement, the north boundary of the
then traveled portion of that highway, and the north and
south public road which intersects the Lincoln highway
near Elkhorn.    The base at the line of this intersection
may be taken as 75 feet; the perpendicular and hypotenuse
extending eastward from the base unite at a point approxi-
mately 775 feet from the base line.    A ditch situated north
of the Lincoln highway, at a point approximately 600 feet
east of the base, makes a bend to the southward and its
banks, for a short distance at the point of its nearest ap-
proach, are vertical and some 15 feet in height roughly
parallel to and within 2 feet of the traveled track forming

the north boundary of the triangle described, and within 15 feet of the paving thereon. Westward from the point of nearest approach the course of this creek or ditch is screened by trees, bushes, and weeds. At the time of the accident no barriers guarded the banks of this ditch at or west of the place of the accident. At this place also the excavated earth deposited on the north side of the pavement on the Lincoln highway caused a sharp incline sloping from the pavement to the north. The traveled track at the time of the accident passed over and across this incline. The evidence as to the sharpness of the incline varies somewhat; some witnesses testifying that the south wheel track at this point was ten inches higher than the north wheel track, and other witnesses estimating the difference in height at two feet. At all events the fact must be admitted that trucks, autos, wagons, and other conveyances made common use of the passageway as a public road during the paving of the Lincoln highway, and that all points embraced within the triangle herein described were within the confines of the traveled portions of the Lincoln highway.

About 4:30 p. m. in October, 1920, deceased, driving a Ford touring car *en route* from Aurora, Nebraska, to Omaha, Nebraska, approached the intersection of the Lincoln highway and the public road from the north. The contractors were just finishing the pavement at the point of junction between the two roads. On inquiry she was advised by the employees of the contractors to proceed by the traveled dirt road forming the hypotenuse of the triangle described. As she entered it presented the appearance of a well-traveled highway. There were several tracks well traveled which merged into a single track 600 feet ahead of her. There were no signs or barriers to warn her that the road was closed or dangerous. There is no evidence of what transpired at the time of the accident or immediately prior thereto. A short time later the automobile, with its rear end slued around to the eastward, was found in the ditch opposite the point of its nearest approach to the highway. Mrs. Ludlow King, the driver, was killed,

and the children were too young to tell the story of the accident.

On the roadway above and slightly to the west of where the automobile lay in the ditch, it appeared, according to some witnesses, that the dirt had been scooped or scraped outward from the south track of the traveled way toward and to the brink of the ditch. This would indicate a lateral movement of the automobile, and in connection with the position of the Ford in the ditch below, and in consideration of the other evidence of the case, would justify the jury in the conclusion that during the occurrence of the accident there had been a skidding of the rear wheels toward and into the ditch.

While it may be said that the real cause of the skidding may never be known, yet it is patent from the evidence that, whatever the cause of the accident was, it was beyond the power of the driver to control. Mrs. King was an entire stranger to the vicinity, making her first trip over this highway. Even aside and apart from the direction given her by the employees of the contractors to proceed by the dirt highway, the entrance thereto being unobstructed by barrier or sign, presenting the appearance of a generally traveled public highway in present use, and being within the confines of a long-established road, she had a right to assume that it was reasonably safe for the accommodation of the public at large. *City of Central City v. Marquis,* 75 Neb. 233. The evidence in the record is that she was a careful driver, and that the automobile had been overhauled that very day and was in good condition.

There were no eye-witnesses. There is no substantial evidence of want of care of the deceased preceding or during the accident. Thus, the record as an entirety is not such as would necessarily impose on the jury the duty, as a matter of law, to find that the deceased, at the time of the accident, was guilty of negligence in any degree. Contributory negligence is an affirmative defense, pleaded and tendered by the defendant county. The form of the defense imposed on this defendant is the burden of proof. *Rapp v. Sarpy*

*County,* 71 Neb. 382; *O'Brien Co. v. Omaha Water Co.,* 83 Neb. 71.

It follows that the verdict of the jury in this case, in so far as it necessarily determines the issue of contributory negligence, is supported by the evidence.

There were no barriers at the point where the automobile left the roadway and was precipitated into the ditch. The unguarded banks of the ditch at this place were 15 feet in depth and within less than 2 feet of the traveled track, which there passed over an incline sloping from the pavement on the right to the brink of the ditch on the left.

The duty of the county to maintain its highway in a reasonably safe condition for travel by persons using the same in a reasonably prudent manner is not discharged by keeping the traveled portions thereof free from obstructions and defects, but requires that ordinary care be used to protect such persons from the dangerous places near such traveled portions thereof outside of it, and so long as any portion of the traveled highway may be fairly said to be within a zone of danger it must be deemed insufficient, within the language of our statute, whether the primary cause of the danger be within the highway or outside thereof. The insufficiency of highways is to be determined from effects of causes, and not by the location of the same.

In view of the evidence, it may fairly be said that the brink of the ditch with its steep banks within two feet of the traveled track of the public highway at this point created a condition which imposed upon the county authorities the duty to provide barriers of sufficient strength to have made said road reasonably safe for travel by the usual modes, including automobile. The automobile involved in the present case was a Ford touring car, a comparatively light machine with ordinary power. It would seem that the striking power of this machine moving laterally, or moving, in fact, straight ahead, on consideration of the condition of the roads at this point, would not be beyond the power of any reasonably constructed barrier to resist. Indeed, one of the real questions underlying the case, which

King .v. Douglas County.

the jury in this case determined by verdict in favor of plaintiff, was whether a barrier sufficient for travel generally would have restrained this automobile and prevented the accident. Such a barrier the county authorities were required to erect and maintain if travel was to be permitted. Their failures so to do rendered the county responsible for the resulting insufficiency of the highway and liable for the damage occasioned thereby.

But the further question remains. The evidence plainly discloses that probably the dangerous condition of the highway at the point of the accident might not have been the sole cause thereof; that another cause in addition to the insufficiency of the road concurred to produce the results. This may be granted. The evidence, however, fully sustains the conclusion that, whatever the cause or causes contributing, in addition, to the insufficiency of the road may have been, there were none of the causes for which the deceased can be held responsible. And it also appears that, but for the failure of the county to warn travelers, or close the highway, or to erect sufficient barriers, the accident would not have occurred.

The rule which the facts in the instant case invokes is that the mere fact that some other cause operates in conjunction with the negligence of the defendant to produce the injuries does not relieve the defendant from liability. The original wrong concurring with some other cause, and both operating proximately at the same time, in producing the injuries, makes it liable, whether the cause was one for which the defendant was responsible or not. *Beebe v. Scotts Bluff County,* 92 Neb. 501. See, also, *City of Indianapolis v. Moss,* 74 Ind. App. 129; *Bond v. Billerica,* 235 Mass. 119.

We deem, then, for the above and foregoing reasons, the judgment of the district court must be affirmed, and in affirming the judgment we have not overlooked the assignment of errors of appellant not discussed in this opinion, but we deem the facts and principles stated herein to be controlling.

The judgment of the district court is accordingly
                                              AFFIRMED.

ROSE, J., dissenting.

In my opinion the evidence is insufficient to prove action-
able negligence on the part of Douglas county.