SUSIE M. ANTHONY, APPELLANT, V. CITY OF LINCOLN,
APPELLEE.

41 N. W. 2d 147

Filed February 3, 1950.   No. 32673.

*Louis B. Finkelstein,* and *Mockett, Davies, Pace & Perkins,* for appellant.

*John Jacobsen* and *C. Russell Mattson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Susie M. Anthony, appellant, sued the City of Lincoln, Nebraska, appellee, to recover damages for personal injuries sustained by her in a fall on a public sidewalk, for the maintenance of which appellee was responsible, caused, as appellant claims, by an obstruction of the sidewalk which the city should have removed to have maintained it in a reasonably safe condition for public travel thereon.

The district court, at the close of the evidence introduced by the parties, granted the motion of appellee for an instructed verdict, judgment was entered for it on the verdict, the motion of appellant for a new trial was denied, and she appealed.

There is no substantial dispute in the evidence in this case except as to the amount of precipitation, if any, on the 18th and 19th days of September 1943. The evidence tends to show that:

Block 9, Pitcher and Baldwin's Second Subdivision to

University Place, now Lincoln, Nebraska, is bounded by Madison Street on the south, 38th Street on the west, Cleveland Street on the north, and 39th Street on the east, and at the time of the accident, September 19, 1943, there was a sidewalk on the north side of Madison Street adjacent to the south line of Block 9. There was no walk on the south side of the street, and none along either side of Cleveland Street. Madison Street was a dirt highway. This location and much of the immediate surrounding area was not improved. Appellant lived west of 38th Street and was much of the time employed by and worked in a cafe east of 39th Street from 7 a. m. to 2:30 p. m. each day except Sunday when she commenced work at 6 a. m. She used the sidewalk in going to and from her work and to and from her home to other places. It was the only one available to her. She guessed that she had been over this sidewalk a hundred times. Large weeds grew along and extended over and upon the sidewalk, and when they were wet she and other travelers were compelled to use the street in passing that way. On August 24, 1943, appellee cut the weeds and grass on Block 9 and along the sidewalk with a self-propelled power mower which moved north and south on the block, and to and upon the sidewalk and turned on it. This was done in such a manner that a large quantity of cut weeds, dirt, chunks of dirt, and debris were deposited and left upon and all over the sidewalk. Weeds not cut, the roots of which were still in the ground, were bent and mashed down on and across the walk. The sidewalk was nearly impassable because of this condition. Appellant and others, when the street was not muddy, walked in Madison Street. She couldn't get through the sidewalk because of "Too much dirt and weeds and stuff." There was a light rain during the night of September 18, and the morning of September 19, 1943, and it was raining when she left her home shortly before 6 a. m. on that morning to go to to her work at the cafe. It was still dark and cloudy. The sidewalk had wet mud on it.

When she was near the southeast corner of Block 9, walking along carefully on the sidewalk, her foot caught and tangled in the weeds, and she fell suddenly forward on her nose and face. Where her foot was caught, there were three big long stems of weeds bent over the sidewalk. There were uncut weeds which caught her foot, and there were cut and uncut weeds all tangled by and over her feet. There were enough weeds to throw her. She sustained injuries from her fall. Other persons saw a pool of blood where she fell, and there was blood from there to the home of her sister where appellant went when she was able to get up and walk.

Appellee says that the district court was correct in directing a verdict and rendering judgment in its favor because appellant failed to establish compliance with the provisions of the statute and charter of appellee to the effect that it is exempt from liability for damages or injuries sustained or suffered by reason of a defective sidewalk, unless actual notice in writing of the alleged unsafe condition thereof is filed with the city clerk at least five days before the occurrence of any injury or damage claimed to have been caused by the defect complained of by the person seeking the recovery of damages. § 15-843, R. S. 1943; § 38, Art. IX, Home Rule Charter of the City of Lincoln, Nebraska. It is true that no notice of the character required by these provisions was filed with or given to appellee. If the statute and charter provisions referred to were applicable, the disposition made of this case by the district court was inevitable. Where the defect in question was not caused by any positive negligent act on the part of the city, either in the original construction of the sidewalk, or in subsequently creating a defective or dangerous condition in or on it, the city may not be subjected to liability, if the requirement of the statute and charter has not been satisfied. Woods v. City of Lincoln, 104 Neb. 449, 177 N. W. 792. The charge of negligence against appellee is not that the defect alleged to have caused the fall by and injuries to

appellant was in the construction of the sidewalk or was the result of wear, decay, or obsolescence, but the appellant by pleading and evidence claims that appellee obstructed and made the sidewalk unsafe for pedestrians by cutting weeds and grass, placing and leaving them and chunks of dirt and other debris on the sidewalk, permitting uncut weeds to grow near and extend upon and across it, and in cutting weeds near and along the walk appellee by the use of its machine bent and broke uncut weeds down upon and across the sidewalk and left them there; that the weeds, dirt, and debris deposited by the city on the walk became damp and slippery and created an unusual, unnatural, and dangerous condition that made the sidewalk unsafe and dangerous for persons traveling on it and exercising due caution for their safety; that the obstruction of the sidewalk caused appellant to fall and suffer injuries; and that this condition existed for three weeks or more before appellant fell and was injured. Appellant pleaded, and her evidence tends to show, positive negligent acts of appellee. Misfeasance is the gist of her charge of negligence against appellee. The statutory and charter requirement of written notice to the city of its defective sidewalk before the occurrence of the injury complained of has no application to an obstruction or defect caused by the city itself. The reason of this is that the city is deemed to have knowledge of a situation it creates, and notice to it would not add to its knowledge. Tewksbury v. City of Lincoln, 84 Neb. 571, 121 N. W. 994, 23 L. R. A. N. S. 282; Enyeart v. City of Lincoln, 136 Neb. 146, 285 N. W. 314; Woods v. City of Lincoln, *supra;* McMasters v. City of Lincoln, 101 Neb. 278, 163 N. W. 319. This contention of appellee is, in this case, without merit.

Appellee defends the directing of a verdict and entry of a judgment for it by asserting there is no evidence of negligence of appellee. It is the law that a municipal corporation is not an insurer of the safety of pedestrians using its sidewalks, but it is required only to keep them

in a reasonably safe condition for travel on them by the public (§ 15-734, R. S. 1943; City of Lincoln v. O'Brien, 56 Neb. 761, 77 N. W. 76; Goddard v. City of Lincoln, 69 Neb. 594, 96 N. W. 273), and persons using the sidewalks of a city are required to exercise ordinary care and caution for their safety, and must keep a lookout for danger in their path. Hupfer v. City of North Platte, 134 Neb. 585, 279 N. W. 168; Gaver v. City of Columbus, 141 Neb. 832, 4 N. W. 2d 924; Hanley v. Fireproof Building Co., 107 Neb. 544, 186 N. W. 534, 24 A. L. R. 382; Welsh v. City of South Omaha, 98 Neb. 148, 152 N. W. 302. Where there is an accumulation of debris that constitutes an obstruction of a sidewalk generally used by pedestrians, placed there by the city, in consequence of which a traveler falls and is injured while using the sidewalk, the question of whether or not the city was negligent in failing to remove the defect or obstruction is one of fact to be determined by the jury and is not a question of law when the evidence is such that reasonable minds may draw different conclusions from it. Pinches v. Village of Dickens, 127 Neb. 239, 254 N. W. 877; City of Aurora v. Cox, 43 Neb. 727, 62 N. W. 66; Foxworthy v. City of Hastings, 25 Neb. 133, 41 N. W. 132; Nebraska City v. Rathbone, 20 Neb. 288, 29 N. W. 920. What is reasonable care in keeping a sidewalk in a reasonably safe condition for travel by the public must in each case be determined by its peculiar facts and circumstances by the jury, if reasonable minds may arrive at different conclusions from the evidence. City of Aurora v. Cox, supra; Lammers v. Carstensen, 109 Neb. 475, 191 N. W. 670; Melcher v. Murphy, 149 Neb. 541, 31 N. W. 2d 411. It is not permissible for this court to determine that negligence of appellee did or did not exist in the respects claimed by appellant, but it may only decide whether or not sufficient evidence was produced on that issue to compel the submission of it to the jury and to sustain a finding, if made by the jury, that appellee was negligent and its negligence was the proxi-

mate cause of the injuries to appellant. A verdict on this issue was directed against her, and she is entitled to have the evidence and all inferences fairly deducible therefrom viewed in the most favorable light. Guyette v. Schmer, 150 Neb. 659, 35 N. W. 2d 689; In re Estate of Bainbridge, 151 Neb. 142, 36 N. W. 2d 625. It is significant that the district court did not find that there was an absence of evidence of negligence of appellee but only that appellant was chargeable with contributory negligence as a matter of law, and because thereof she was barred in any event from a recovery. The evidence, summarized herein, is in all important respects undisputed, and is of such a character that reasonable minds could reasonably draw different conclusions therefrom on the issue of negligence alleged against appellee, and a verdict on this issue by the jury favorable to appellant would be sustained by the evidence. The district court should have submitted the issue of the negligence of appellee to the jury.

Appellant contends that the district court erred in sustaining the motion of appellee for a directed verdict and in not submitting the issues of the case to the jury. The reason the court gave for withholding the issues from the jury was that appellant was chargeable with contributory negligence as a matter of law because she was familiar with the walk, had gone over it a number of times, knew its condition, and was attempting to pass over it when she fell and was injured. There is evidence that plaintiff and many other persons had used the sidewalk many times; that it was the only one available to them; that before the weeds were cut and when they were wet and the adjacent street was in favorable condition, they walked in it; and that after the weeds were cut and the sidewalk was obstructed by acts of the city, they sometimes walked in the street when it was in proper condition for pedestrian use. The record justifies the statement that appellant knew the condition of the sidewalk at all times from the cutting of the weeds

on August 24, 1943, until she fell on September 19, 1943, but this did not make her guilty of contributory negligence as a matter of law. The rule is that a plaintiff is not required to negative contributory negligence in pleading his cause of action (D. J. O'Brien Co. v. Omaha Water Co., 83 Neb. 71, 118 N. W. 1110; King v. Douglas County, 114 Neb. 477, 208 N. W. 120); that contributory negligence is a defense, and where pleaded, the burden is on the defendant to prove it by the greater weight of the evidence pertinent to that issue; and that the burden does not shift during the trial, but the defendant may have the benefit of any evidence of plaintiff tending to prove the defense of contributory negligence. Johnson v. Griepenstroh, 150 Neb. 126, 33 N. W. 2d 549; Roberts v. Carlson, 142 Neb. 851, 8 N. W. 2d 175; Spaulding v. Howard, 148 Neb. 496, 27 N. W. 2d 832. The appellee produced no evidence on this issue. Appellant pleaded that she used due care and offered evidence that she was walking carefully as she proceeded on the walk at the time she fell. There is no contradiction of this and no proof that she did not use due care and caution. Contributory negligence is not imputable to a plaintiff as a matter of law from the fact that he attempts to pass over a walk that is obstructed or otherwise out of repair, provided that the obstruction or other defect is such that a man of ordinary intelligence would reasonably believe that with proper care and caution he could pass with safety notwithstanding the defect. Enyeart v. City of Lincoln, *supra;* City of Beatrice v. Forbes, 74 Neb. 125, 103 N. W. 1069; Pinches v. Village of Dickens, *supra.* In the case last cited this court said: "Previous notice of a defect in a walk will not constitute sufficient contributory negligence to bar recovery as a matter of law for injuries received on account of the defect. * * * The care required of a pedestrian in walking over a traveled way does not mean that he must go around the obstruction or defect, but in passing over it he must use some care and caution beyond the ordinary care

exercised by a person walking upon a sidewalk knowing of no defect therein." Want of ordinary care, and not knowledge of the danger, is the test of contributory negligence. Welsh v. City of South Omaha, *supra*; Klement v. Lindell, 139 Neb. 540, 298 N. W. 137. The record in this case does not permit a finding that plaintiff was guilty of contributory negligence as a matter of law. That issue should have been submitted to the jury. The motion for a directed verdict should have been denied and the issues of the case submitted to the jury.

The judgment in this case should be, and is, reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.